## In re Weaver.

*February 4—February 22, 1916.*

*Prohibition: When writ issues: Criminal law: Lack of preliminary examination: Jurisdiction of circuit court: Remedy by plea in abatement.*

1. The writ of prohibition is a high prerogative writ by which, where there is no other adequate remedy, an inferior court is prevented from going outside of or beyond its jurisdiction.
2. The fact that there has been no preliminary examination of the accused is not sufficient ground for the issuance of a writ of prohibition to prevent the circuit court from proceeding in a criminal action, (1) because that fact does not affect the jurisdiction of the circuit court, and (2) because the remedy by plea in abatement is adequate and complete.

APPLICATION for writ of prohibition. *Denied.*

The cause was argued orally by *E. C. Alvord,* for the petitioner.

PER CURIAM. The petitioner asks for a writ of prohibition commanding the circuit court for Bayfield county to desist from further proceedings in a criminal action pending therein against him on the ground that the examining magistrate lost jurisdiction of the preliminary examination in the case and hence that there has been no legal examination.

Counsel are entirely mistaken as to the scope and functions of the writ of prohibition. It is a high prerogative writ by which an inferior court is prevented from going outside of or beyond its jurisdiction where there is no other adequate remedy. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. That it should not issue in the present case is apparent for two reasons. *First,* the entire absence of a preliminary examination in a criminal case does not affect the jurisdiction of the circuit court. Unless the defendant pleads the lack of an examination before pleading to the merits he waives the point. Sec. 4654, Stats. 1915.

This would not be so if the examination were necessary to the jurisdiction. *Second,* the remedy by plea in' abatement is adequate and complete. If this court could be called upon to try in advance all preliminary objections in criminal cases because there is apprehension that the circuit courts will rule adversely upon them, the administration of the criminal law would be in a very unsatisfactory state and this court would probably have little time for anything else. To state the proposition is to answer it.

Motion denied.