State ex rel. Fieldhack, Appellant, vs. Gregorski, District Judge, Respondent.

*March 8—April 3, 1956.*

For the appellant there was a brief by *George D. Prentice,* attorney, and *Richard B. Surges* of counsel, both of Milwaukee, and oral argument by *Mr. Surges.*

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and *William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Platz.*

BROADFOOT, J. The contentions of the relator may be summarized as follows: The trial court has no jurisdiction

to proceed with a criminal trial where the accused is being prosecuted under an unconstitutional law; that a writ of prohibition is a proper legal device to prevent a trial court from exceeding its jurisdiction in entertaining a prosecution under an unconstitutional law where the only other available remedy is for the accused to submit to public trial upon the merits where such may be wholly futile; that this court in *State v. Stehlek,* 262 Wis. 642, 56 N. W. (2d) 514, directed trial courts not to pass upon the constitutionality of statutes and this court must have intended to accord to an accused some effective and equitable remedy in place of the ordinary right of the accused to argue and be heard on the law in the trial court; that an accused cannot be deemed to have had a trial within the meaning of that term under sec. 7, art. I, Const., unless he can test the constitutionality of the law under which he has been arrested in the trial court, or have some substitute for a determination on the law, such as a writ of prohibition; and finally, that sec. 147.14, Stats., and related sections in said chapter, are unconstitutional for various alleged reasons.

By statute the district court of Milwaukee county is given exclusive jurisdiction to try all charges for offenses arising within said county of Milwaukee, the punishment whereof does not exceed one year's imprisonment or a fine not exceeding $1,000, or both. If convicted of said offense the relator could be punished by a fine ranging from $100 to $500, or imprisonment for not less than sixty days nor more than one year, or both. Accordingly, the district court has jurisdiction to try the relator for the offense charged.

The statutes further provide that one convicted in the district court may appeal to the municipal court of Milwaukee county, from which an appeal can be had to this court. We have decided in many cases that a writ of prohibition will not be issued where there is an adequate remedy by appeal or otherwise. This rule is applicable in criminal as well as civil

▬▬▬▬▬▬▬

cases. *In re Weaver,* 162 Wis. 499, 156 N. W. 459; *State ex rel. Kowaleski v. District Court,* 254 Wis. 363, 36 N. W. (2d) 419. In the *Kowaleski Case, supra,* page 372, this court quoted from 42 Am. Jur., Prohibition, p. 141, sec. 6, as follows:

"Prohibition, like all other prerogative writs, is to be used with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be issued only in cases of extreme necessity. The writ will not issue to prohibit a court from acting in the proper exercise of its powers and within its jurisdiction. Nor will a court issue prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases. Nor will it ordinarily be issued in a doubtful case. Indeed, it has been held that prohibition will not lie if the inferior court has *prima facie* jurisdiction, that is, if on the face of the papers the cause is within the court's cognizance; but the better rule in such cases has been to grant such writs on showing by evidence, aliunde the record, that the court had no jurisdiction."

In the *Stehlek Case, supra,* this court said (p. 645):

"It is a fundamental principle of statutory construction that a regularly enacted statute, or an order of an administrative body, made pursuant to statutory authority will be presumed to be constitutional until it has been declared to be otherwise by a competent tribunal. Such presumption is raised by the fact of the enactment of the statute by the legislature, and it extends to everything in the act on which it is based. The party attacking the statute has the burden of overcoming the presumption and showing that the statute is unconstitutional. The burden does not shift, because of the difficulty in proving it. 16 C. J. S., Constitutional Law, pp. 250–260, sec. 99.

"The exercise of the power to declare laws unconstitutional by inferior courts should be carefully limited and avoided if possible. The authorities are to the effect that unless it appears clearly beyond a reasonable doubt that the statute is unconstitutional, it is considered better practice for the court

to assume the statute is constitutional, until the contrary is decided by a court of appellate jurisdiction. That is especially true where, as in this case, the statute has been in effect for nearly eight years, and has been enforced in innumerable cases."

The inference that the relator draws from this language is the major premise upon which his argument is based. If the inference is faulty, then his argument fails. We cannot interpret that language as does the relator. The rules cited therein are general rules, which we affirm. However, that language does not justify an inference that a trial court cannot pass upon the constitutionality of a statute. That question was presented to the district court and passed upon by it. If the district court was in error in holding the statute to be constitutional, the error was judicial and not jurisdictional. The relator has an adequate remedy by appeal in case any error is committed in the district court. It further appears that if the relator is convicted in the district court and sentenced to imprisonment, he may test the constitutionality of the statute by means of a writ of *habeas corpus. Servonitz v. State,* 133 Wis. 231, 113 N. W. 277. Therefore, the circuit court was correct in quashing the application for the writ of prohibition and also the temporary order. This decision determines the appeal. The constitutionality of sec. 147.14, Stats., is not properly before us and we must refuse to consider it until the matter is presented to us in an authorized manner.

*By the Court.*—Order affirmed.