State ex rel. Ampco Metal, Inc., Petitioner, vs. O'Neill, Circuit Judge, Respondent.

*September 11—October 31, 1956.*

532

For the petitioner there was a brief by *Fairchild, Foley & Sammond* of Milwaukee, attorneys, and *Kirkland, Fleming, Green, Martin & Ellis* of Chicago, Illinois, of counsel, and oral argument by *Steven E. Keane* and by *David E. Beckwith,* both of Milwaukee.

For the respondent there were briefs by *Whyte, Hirschboeck & Minahan* of Milwaukee, attorneys, and *Victor M. Harding* of Milwaukee, and *Antonow & Weissbourd* of Chicago, Illinois, of counsel, and oral argument by *Mr. Harding* and *Mr. Weissbourd.*

CURRIE, J.  If Ampco is required to give evidence in public as to the nature of its trade secrets which it seeks to protect in the pending circuit court action, such public disclosure will destroy the value of such trade secrets so sought to be protected. In *Cincinnati Bell Foundry Co. v. Dodds* (1887), 19 Wkly. Law Bull. 84, 10 Ohio Decisions Reprint, 154, 155, Judge TAFT, later chief justice of the United States supreme court, declared: "The property in a secret process is the power to make use of it to the exclusion of the world. If the world knows the process, then the property disappears.

There can be no property in a process, and no right of protection if knowledge of it is common to the world."

It is, therefore, apparent that if the order of Judge O'NEILL, which denied Ampco's motion that the evidence relating to the nature of Ampco's trade secrets be taken *in camera,* is permitted to stand, Ampco is faced with the Hobson's choice of either making public disclosure of its trade secrets or abandoning its effort to secure judicial protection of such trade secrets.

We deem that the two major issues here presented upon which we are required to pass are:

(1) Is this a proper case for this court to assume jurisdiction exercising a superintending control over a trial court pursuant to sec. 3, art. VII of the Wisconsin constitution;[1] and

(2) Would the taking of testimony *in camera* as to the nature of the trade secrets claimed by the plaintiff Ampco in the pending circuit court action violate statutory provisions providing for public trial?

Counsel for the respondent, Judge O'NEILL, contend that this is not a proper case in which this court should exercise its superintending control over trial courts, and, in support of such contention, cite *State ex rel. T. L. Smith Co. v. Superior Court* (1920), 170 Wis. 385, 388, 175 N. W. 927. In that case it was held that the function of this court in the exercise of such superintending control is (a) to compel inferior tribunals to act within their jurisdiction, (b) to prohibit them from acting outside their jurisdiction, and (c) to

[1] Sec. 3, art. VII, provides as follows:
The supreme court, except in cases otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state; but in no case removed to the supreme court shall a trial by jury be allowed. The supreme court shall have a general superintending control over all inferior courts; it shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same.

reverse their extrajurisdictional acts. Counsel maintain that the facts of the present case do not bring it within any of such three specified grounds.

The question of exercise of such power of superintending control was exhaustively considered by Mr. Justice WICK-HEM in an article entitled, "The Power of Superintending Control of the Wisconsin Supreme Court," appearing in 1941 Wisconsin Law Review, 153. This article points out that the effect of the decisions in the cases of *Petition of Inland Steel Co.* (1921), 174 Wis. 140, 182 N. W. 917, and *State ex rel. Hustisford L. P. & M. Co. v. Grimm* (1932), 208 Wis. 366, 243 N. W. 763, was to change the prior strict rule of the earlier cases, which limited this court's exercise of the superintending power to jurisdictional error. The conclusion of Mr. Justice WICKHEM, as to when this court should exercise such power of superintending control, is stated in such article as follows (p. 161) :

"The purpose of this jurisdiction is to protect the legal rights of a litigant when the ordinary processes of action, appeal, and review are inadequate to meet the situation, and where there is need for such intervention to avoid grave hardship or complete denial of these rights. Thus, it is held that before the court will intervene, it must appear that there is no adequate remedy by appeal or writ of error. For example, the order of the inferior court or its inaction, if that is the thing objected to, may be of such character as not to be appealable, *or appeal from the judgment may come too late for effective redress."* (Emphasis supplied.)

The trial court's order of May 11, 1956, denying Ampco's motion, that the evidence as to the nature of Ampco's claimed trade secrets be taken *in camera,* is not an appealable order as defined by sec. 274.33, Stats. Therefore, it is only reviewable on appeal from the final judgment, if this court should decline to exercise its superintending power. It is obvious that an appeal from the final judgment would *"come too late for effective redress."* We, therefore, conclude that this is

a proper case for the exercise by this court of its power of superintending control conferred by sec. 3, art. VII of the Wisconsin constitution.

We turn now from such preliminary procedural question to the issue on the merits. The great majority of jurisdictions in the United States have by constitutional provision, statute, or court decision, provided that trials should be public. Wisconsin's statute on the subject is sec. 256.14, Stats., which reads: "The sittings of every court shall be public and every citizen may freely attend the same, except when otherwise expressly provided by law on the examination of persons charged with crime; provided, that when in any court a cause of a scandalous or obscene nature is on trial the presiding judge or justice may, in his discretion, exclude from the room where the court is sitting all minors not necessarily present as parties or witnesses." In addition thereto, sec. 252.155 provides: "All proceedings and hearings before a court commissioner shall be public and every citizen may freely attend the same." No distinction is to be made in this state between public trials in actions formerly cognizable in equity and suits at law by reason of sec. 19, art. VII of the Wisconsin constitution, which specifies that "testimony in causes in equity shall be taken in like manner as in cases at law."

However, it has long been recognized that the requirement for public trials is subject to certain inherent powers of the court to limit the public nature of trials in certain respects where the administration of justice requires it. This court recognized said principle when it stated in *Bloomer v. Bloomer* (1928), 197 Wis. 140, 143, 221 N. W. 734:

"It has always been recognized that courts possess the inherent power to so regulate the admission of the public to the courtroom that their presence shall not interfere with the proper administration of justice, as, for example, by excluding those who come after the courtroom is filled with people, or by excluding those members of the public who are interfering with the orderly administration of justice."

The Minnesota court in *State ex rel. Baker v. Utecht* (1946), 221 Minn. 145, 149, 21 N. W. (2d) 328, invoked such inherent power when it held that it may be justifiable for a trial court to exclude spectators temporarily from the courtroom "for the purpose of alleviating the embarrassment of a witness, especially one of immature years, who is called upon to testify to matters of a disgusting and salacious character." It would seem to be a necessary corollary of such holding that when it is necessary to protect the rights of a party, instead of a witness, a court possesses the same inherent power to temporarily exclude members of the general public from the courtroom.

A recent case from another jurisdiction dealing with the question of public trials which aroused nation-wide interest is that of *People v. Jelke* (1954), 308 N. Y. 56, 123 N. E. (2d) 769. New York has a statute [2] providing for public trials. Nevertheless, the New York court of appeals in its decision in the *Jelke Case* stated (308 N. Y. 63, 123 N. E. (2d) 772):

"The public trial concept has, however, never been viewed as imposing a rigid, inflexible straightjacket on the courts. It has uniformly been held to be subject to the inherent power of the court to preserve order and decorum in the courtroom, *to protect the rights of parties* and witnesses, and generally to further the administration of justice. (See Bowers, Judicial Discretion of Trial Courts [1931], sec. 262, pp. 296–297; 6 Wigmore, *op. cit.,* p. 338; 1 Bentham, *op. cit.,* p. 541 *et seq.*)" (Emphasis supplied.)

[2] Sec. 4, art. 2, 29 McKinney's Consolidated Laws of New York Annotated, provides as follows:

The sittings of every court within this state shall be public, and every citizen may freely attend the same, except that in all proceedings and trials in cases for divorce, seduction, abortion, rape, assault with intent to commit rape, sodomy, bastardy or filiation, the court may, in its discretion, exclude therefrom all persons who are not directly interested therein, excepting jurors, witnesses, and officers of the court.

Furthermore, the New York courts have recognized that it is proper in unfair-competition cases, similar to the instant case, to take testimony descriptive of trade secrets sought to be protected *in camera*. *National Starch Products v. Polymer Industries* (1948), 273 App. Div. 732, 79 N. Y. Supp. (2d) 357; and *Fairchild Engine & Airplane Corp. v. Cox* (N. Y. Sup. Ct. 1944), 50 N. Y. Supp. (2d) 643.

The opinion in *National Starch Products v. Polymer Industries, supra,* was written by Mr. Justice VAN VOORHIS, presently a member of the New York court of appeals, and quotes with approval the statement made by Judge TAFT in *Cincinnati Bell Foundry Co. v. Dodds, supra,* set forth in the first paragraph of the instant opinion. The case reached the appellate division on appeal from an order granting plaintiff's motion to strike certain allegations from the answer. In commenting on the trial to be had on the merits, the opinion stated (273 App. Div. 739, 79 N. Y. Supp. (2d) 363, 364):

"Great care should be exercised by the trial court, as was done in *Du Pont de Nemours Powder Co. v. Masland,* 244 U. S. 100, 37 S. Ct. 575, 61 L. Ed. 1016, *supra,* to guard against the disclosure during the trial of what may ultimately prove to be trade secrets belonging to the plaintiff. Wise use should be made of the discretionary powers of the trial court in the conduct of the trial to that end."

In *Taylor Iron & Steel Co. v. Nichols* (1908), 73 N. J. Eq. 684, 69 Atl. 186, the plaintiff corporation instituted an action for injunction to restrain the defendant from disclosing a secret process for making steel, knowledge of which was acquired by him while in the plaintiff's employ. The court in its opinion stated (73 N. J. Eq. 689, 690, 69 Atl. 187, 188):

"The difficulty which arises in this class of cases is that of affording adequate protection to a secret, if any disclosure of it is required. . . .

"We think orderly procedure requires that before the defendant is enjoined, he should be definitely informed what it

is he is forbidden to do. In no other way could the judge in the court of first instance, or this court on appeal, determine hereafter whether there had been a violation of the injunction, in case of proceedings for contempt. For the protection of the complainant, the usual course is to take the evidence as to the secret *in camera* as was done in *Stone v. Grasselli Chemical Co.* [65 N. J. Eq. 756, 55 Atl. 736, 63 L. R. A. 344, 103 Am. St. Rep. 794.] Everyone may be excluded, except the parties, both of whom must already know the secret, and their counsel, who must have been apprised thereof."

The texts on the subject of unfair competition, and also American Jurisprudence, all agree that it is proper for courts to take testimony of trade secrets *in camera* in order to preserve them from disclosure to the general public: Nims, Unfair Competition and Trade-Marks (3d ed.), p. 409, sec. 147; 2 Callmann, Unfair Competition and Trade-Marks (2d ed.), pp. 812, 865, secs. 53.3 (c), 58.2; 53 Am. Jur., Trial, p. 51, sec. 36. We quote from Nims, *supra* (p. 409), as follows:

"In an application for an injunction against disclosure of a trade secret, it is usually unnecessary to reveal the secret or disclose confidential information relating to it—certainly not in open court. Such hearing may be held *in camera,* and is valid if so held."

Sec. 2, art. VII of the Wisconsin constitution vests the judicial power of the state in the courts. If sec. 256.14, Stats., providing for public trials, and sec. 252.155, requiring that hearings before court commissioners shall be public, were to be construed as depriving courts in administering justice of their inherent power to take certain evidence *in camera* where the rights of parties, or witnesses, could not otherwise be protected, they would be unconstitutional. It is our duty to uphold the constitutionality of such statutes if it is at all possible to do so. This we do by holding that the taking of certain evidence *in camera,* in those rare situations where

justice cannot be properly administered without so doing, does not violate the public-trial concept of such statutes. Such statutes cannot be construed in a vacuum without resort to the historical background preceding their enactment, and the evils sought to be obviated thereby.

There is another reason which requires this court to so construe such two statutes, and this is the requirement contained in sec. 9, art. I of the Wisconsin constitution, that "Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character." As pointed out earlier in this opinion, unless the testimony as to plaintiff's claimed trade secrets be taken *in camera,* Ampco will be denied any effective remedy for the wrong it has sustained, assuming the truth of the allegations of its complaint.

It is our considered judgment that a peremptory writ of mandamus should be issued commanding the respondent circuit judge to take all evidence as to the nature of Ampco's claimed trade secrets *in camera* and to seal the record of the evidence so taken.

*By the Court.*—Let a peremptory writ of mandamus issue in accord with this opinion.