STATE EX REL. KIEKHAEFER, Respondent, vs. ANDERSON, Justice of the Peace, Appellant.

*May 9—June 3, 1958.*

486

For the appellant there were briefs by the *Attorney General* and *William A. Platz,* assistant attorney general, and *Bruce R. Rasmussen,* district attorney of Dodge county, and oral argument by *Mr. Rasmussen* and *Mr. Platz.*

For the respondent there was a brief by *Thiel, Allan & Storck* of Mayville, and oral argument by *Lloyd Allan.*

CURRIE, J. The fundamental issue presented on this appeal is whether this is a proper case in which to have invoked the extraordinary remedy of resort to a writ of prohibition.

Sec. 8, art. VII of the Wisconsin constitution, grants to the circuit courts "supervisory control" over inferior courts, and to issue writs "necessary . . . to give them a general control over inferior courts." The legislature, by special act, has conferred authority upon the county court of Dodge county to exercise the "powers and jurisdiction in all civil actions and proceedings in law and equity, except as to actions and proceedings under chapter 151 [ch. 296], concurrent with and equal to the jurisdiction of the circuit court in said county." 43 West's Wis. Stats. Anno., Special Court Acts, p. 226, sec. 71–1. No criminal jurisdiction is conferred by such special act upon the county court of Dodge county.

We entertain some doubt as to whether the county court by reason of such special act has any supervisory control over the inferior courts of the county in the conduct of a criminal case. The briefs of counsel do not touch upon this issue. We find it unnecessary to decide this point of jurisdiction inasmuch as we have reached the conclusion that the defendants' motion to quash should have been granted irrespective of the jurisdiction issue.

Comparatively few cases have reached this court involving the construction to be placed upon that portion of sec. 8, art. VII, Const., which grants to the circuit courts supervisory control over inferior courts. The most-thorough discussion of this power, and the manner in which it is to be exercised, to be found in any prior decision of this court is that appearing in *State ex rel. Milwaukee Medical College*

*v. Chittenden* (1906), 127 Wis. 468, 509–513, 107 N. W. 500, wherein the opinion was written by Mr. Justice MARSHALL. It is therein pointed out that the "general superintending power over all inferior courts," which is granted to the supreme court by sec. 3, art. VII, Const., is broader in scope than the supervisory power over inferior courts conferred upon the circuit courts by sec. 8, art. VII, Const. This is because the latter power "is fenced about, so to speak, by the functions, in the aggregate, of the ancient writs used to exercise it prior to the constitution, and preserved thereby for the same purpose." (p. 512.) Such ancient writs were stated to be those of prohibition, mandamus, and certiorari.

In contrast to the paucity of reported cases arising under sec. 8, art. VII, Const., involving use of the writ of prohibition, there have been a great many cases arising under sec. 3 of this same article dealing with the use of the writ of prohibition as a method of this court exercising its superintending control over the lower courts. We deem that the same principles should govern the issuance of writs of prohibition under sec. 8 as have been held applicable under sec. 3.

The material portion of sec. 960.06, Stats., reads as follows:

". . . If the defendant, before he pleads to the complaint, makes oath that from prejudice he believes the justice will not decide impartially in the action, the justice shall transmit all the papers and a copy of his docket entries to *the nearest justice of the county who is able to try the action,* and he shall proceed with the action as though originally begun before him, . . ." (Italics supplied.)

Opposing counsel advance conflicting interpretations of the statutory words "who is able to try the action." We find it unnecessary to interpret the meaning of such words further than holding they certainly are not surplusage. Therefore,

the defendant justice of the peace had to determine more than merely which justice had his residence closest to that of the defendant in deciding to whom to transfer the case after the affidavit of prejudice had been filed. If he made the wrong determination in transferring the action to Justice of the Peace Neuser, this constituted error, but such error was not jurisdictional in nature. *State ex rel. De Puy v. Evans* (1894), 88 Wis. 255, 60 N. W. 433.

The brief in behalf of the defendant cites authorities to the effect that prohibition will not lie against a judge of a lower court except in a situation where such judge is exceeding his jurisdiction. This once was the rule in Wisconsin prior to the decisions in *Petition of Inland Steel Co.* (1921), 174 Wis. 140, 182 N. W. 917, and *State ex rel. Hustisford L., P. & M. Co. v. Grimm* (1932), 208 Wis. 366, 243 N. W. 763, but those cases relaxed such rule. Wickhem, "The Power of Superintending Control of the Wisconsin Supreme Court," 1941 Wisconsin Law Review, 153, and *State ex rel. Ampco Metal v. O'Neill* (1956), 273 Wis. 530, 535, 78 N. W. (2d) 921. It is now the rule that prohibition may be invoked in case of a nonjurisdictional error in a situation where appeal from the judgment would come too late for effective redress and great hardship would result if such writ were not issued.

However, relator's petition fails to allege any facts which disclose that he would suffer great hardship as a result of the alleged attempted wrongful transfer of the case to Justice of the Peace Neuser. In order to entitle a party to a writ of prohibition, the results of the error attacked must not only be prejudicial to him but must involve *extraordinary hardship*. *Petition of Pierce-Arrow Motor Car Co.* (1910), 143 Wis. 282, 285, 127 N. W. 998; *State ex rel. Pabst v. Circuit Court* (1924), 184 Wis. 301, 304, 199 N. W. 213; and *State ex rel. Kowaleski v. District Court* (1949), 254 Wis. 363, 36 N. W. (2d) 419.

It is a further well-established principle that prohibition will not lie where there is an adequate remedy by appeal. *Newlander v. Riverview Realty Co.* (1941), 238 Wis. 211, 225, 298 N. W. 603, and *State ex rel. Fieldhack v. Gregorski* (1956), 272 Wis. 570, 572, 76 N. W. (2d) 382. Appeals from justice courts in criminal cases are governed by ch. 958, Stats. Such chapter contains no provision corresponding to sec. 306.17, Stats., which provides for a trial *de novo* in appeals from justice courts in civil cases. However, this court at an early date held, where an appeal is taken from justice court to the circuit court in a criminal case, that the appellant receives a trial *de novo* in the circuit court. *State v. Haas* (1881), 52 Wis. 407, 9 N. W. 9. This is in accord with the common-law concept of the nature of an appeal. *Swan v. Justices of the Superior Court* (1916), 222 Mass. 542, 548, 111 N. E. 386.

Does the right of appeal to the circuit court from any adverse judgment Justice of the Peace Neuser may enter against defendant, with a trial there *de novo,* provide the relator Kiekhaefer with an adequate remedy, assuming that the defendant committed error by his attempted transfer of the case? We believe that it does if relator be admitted to bail pending trial of the appeal. Cf., *State ex rel. Steeps v. Hanson* (1957), 274 Wis. 544, 549, 80 N. W. (2d) 812.

It is, therefore, our determination that the writ should not have been issued for the twofold reason that there was no showing of undue hardship, and appeal provided an adequate remedy.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter a writ of consultation authorizing the defendant justice of the peace to proceed in the original criminal action to transfer the case as if no writ of prohibition had been issued.