DRUGSVOLD and another, Appellants, v. SMALL CLAIMS COURT OF DANE COUNTY and another, Respondents.

*March 7—April 4, 1961.*

230

For the appellants there was a brief and oral argument by *Jack McManus* of Madison, *in pro. per.*

For the respondents there was a brief and oral argument by *Douglas Nelson* of Madison.

HALLOWS, J.   The appellants contend the circuit court under its supervisory control powers, may properly issue a writ of prohibition to restrain an inferior court from exercising jurisdiction it does not have and the small claims court was without jurisdiction because the Madison Credit Bureau was guilty of unauthorized practice of the law.   There can be no question of the power of the circuit court in a proper case to issue a writ of prohibition in the exercise of its superintending control of an inferior court.   Such power was granted by sec. 8, art. VII, Const. This court has often discussed the requirements and conditions of the exercise of such power and when writs may be granted by this court, and the rules are applicable to circuit courts.   *State ex rel. Reynolds v. County Court* (1960), 11 Wis. (2d) 560, 105 N. W. (2d) 876; *State ex rel. Tewalt v. Pollard* (1901), 112 Wis. 232, 87 N. W. 1107; *State ex rel. Gaudynski v. Pruss* (1940), 233 Wis. 600, 290 N. W. 289; *In re Weaver* (1916), 162 Wis. 499, 156 N. W. 459.

Traditionally, the writ of prohibition would lie to keep an inferior court within its jurisdiction but it would not be is-

sued when there is an adequate remedy by appeal or otherwise. *State ex rel. Fieldhack v. Gregorski* (1956), 272 Wis. 570, 76 N. W. (2d) 382; *State ex rel. Joyce v. Farr* (1940), 236 Wis. 323, 295 N. W. 21; *State ex rel. Fourth Nat. Bank v. Johnson* (1899), 103 Wis. 591, 79 N. W. 1081, 51 L. R. A. 33. Generally, if the inferior court is acting in the proper exercise of its power and within its jurisdiction even though the court might have committed judicial error, the writ of prohibition would not lie. 42 Am. Jur., Prohibition, p. 141, sec. 6; *State ex rel. Kowaleski v. District Court* (1949), 254 Wis. 363, 36 N. W. (2d) 419; *Petition of Pierce-Arrow Motor Car Co.* (1910), 143 Wis. 282, 127 N. W. 998. However, the strictness of the rule has been relaxed and the writ of prohibition may now be invoked in cases of a nonjurisdictional error when the appeal may come too late for effective redress, or be inadequate and there is a need for such intervention to avoid grave hardship or a complete denial of the rights of a litigant. *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. (2d) 485, 90 N. W. (2d) 790; *State ex rel. Ampco Metal v. O'Neill* (1956), 273 Wis. 530, 78 N. W. (2d) 921.

The petition fails to allege any facts which disclose appellant Drugsvold would suffer great hardship if he is required to put in his answer. The petition is grounded solely on jurisdictional error. The question is whether the small claims court had jurisdiction of the Drugsvold case. From the record, it would appear the Madison Credit Bureau made the complaint or filled out the complaint form used by the small claims court and had the clerk mail the summons under the name of its attorney, and the employee of the Madison Credit Bureau appeared in court for the plaintiff to join issue and would have taken a judgment against the defendant if he had not appeared. True, some evidence was taken by the circuit court dehors the record upon the hearing

of the writ, but this was within the court's power, when it is exercising its constitutional power of supervision and is using the writ of prohibition as a means to that end. *State ex rel. Gaudynski v. Pruss, supra.* However, assuming the unauthorized practice of law by the Madison Credit Bureau in this case, it does not follow the small claims court lost jurisdiction or did not acquire jurisdiction over the subject matter or over the person of the defendant as contended for by the appellants.

The commencement of the suit was not void. The plaintiff in the action was the Quisling Clinic. It was the owner of the cause of action and had legal capacity to sue. The record does not disclose an assignment by purchase by the Madison Credit Bureau of the cause of action. Quisling Clinic authorized an attorney to institute suit. The defendant had been served by mail by the clerk, which is permitted under the small claims court practice, sec. 254.11 (2), Stats., and he appeared generally in court. The making of the complaint and the issuance of the summons in the manner complained of did not render the action void or prevent the court from acquiring jurisdiction. Unauthorized practice of the law contemplates the validity of the acts as a fact but done by a person not licensed to perform them. Sec. 256.30 (1) makes unauthorized practice of law a misdemeanor. It does not make the acts void.

Ignoring the appearance of Olson on behalf of the plaintiff as an appearance and considering as contended by the appellants, that the plaintiff then failed to appear, the court might have dismissed the suit under sec. 254.13, Stats., but it was not obligated to do so. The failure of the plaintiff to appear personally or by his attorney was not jurisdictional, nor was the appearance by a lay person for the plaintiff jurisdictional, assuming such appearance amounted to the unauthorized practice of the law. If the small claims court erred in over-

ruling the demurrer and in denying the motion to dismiss, such action was at most a judicial error, not jurisdictional. We find no error in the trial court's action in granting the motion to quash the alternative writ.

The writ of prohibition in this case does not reach the merits of the question of whether the Madison Credit Bureau was guilty of an unauthorized practice of the law and we cannot extend the scope of the writ to do so. In *Kowaleski*, on page 372, we quoted from 42 Am. Jur., Prohibition, p. 141, sec. 6:

" 'Nor will·a court issue prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases.' "

The trial court did not make a finding concerning the unauthorized practice of the law. From the record, it is not clear whether the attorney for the collection agency lent his name for the purpose of instituting legal action or whether a lay employee of the agency was appearing for the attorney of record for the plaintiff. The authorization for suit is a hybrid document, ambiguous to say the least. On the form of the complaint both the collection agency's and the attorney's names appeared, although in this instance the attorney knew nothing about the commencement of the suit. Questions of professional ethics and of unauthorized practice of the law are involved. A review of the cases on unauthorized practice of law by collection agencies will be found in 84 A. L. R. 749, and 157 A. L. R. 522. In view of the facts in the record and the importance of the question, we are calling this matter to the attention of the State Bar of Wisconsin and .requesting it to make an investigation of whether there. is an unauthorized practice of law in collection cases before the small claims court of Dane county and to take such action as the result of its investigation warrants.

Since on this appeal both Drugsvold and his attorney appeared as appellants and have been so treated, costs should be taxed against them jointly.

*By the Court.*—Order affirmed, and costs to be taxed against both appellants jointly.