STATE EX REL. FREEMON, Appellant, v. CANNON, District Attorney, Respondent.

*No. 145. Argued October 4, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 32.)

490

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La*

*Follette*, attorney general, and *David J. Cannon*, district attorney.

HALLOWS, C. J.   The facts which gave rise to this issue of law are simple. Theodie Freemon was charged with attempted murder contrary to sec. 939.32, Stats. Leon V. Brady, attorney of Milwaukee, was appointed by the court to represent him. October 3, 1967, was set for a preliminary examination. On that day Alan D. Eisenberg, attorney, appeared and stated he had been retained by Freemon and asked for an adjournment in order to prepare adequately for the preliminary hearing. After some discussion, Mr. Brady was relieved as counsel, Mr. Eisenberg was substituted, the request for an adjournment denied, the preliminary hearing had, and Freemon was bound over to the circuit court for trial.

Freemon then brought this action for a writ of prohibition in the circuit court against the district attorney. Upon the petition an order was issued to show cause why the action against Freemon should not be dismissed or in the alternative remanded for another preliminary examination. In dismissing the petition for the writ of prohibition we think the court was correct but for the reasons given in this opinion. The petition did not seek a writ of prohibition addressed to the circuit court or a judge thereof but only against the district attorney. How the district attorney could dismiss the case or remand it is not explained in the petition. The ordinary and adequate remedy for the petitioner would have been to move the circuit court to remand for a new preliminary. This was not done as was pointed out by the trial court.

Traditionally the purpose or office of the writ of prohibition was only to restrain the exercise of judicial power by a court when it exceeded or usurped jurisdiction which did not belong to it. This is called jurisdictional error. *State ex rel. Kellogg v. Gary, County*

*Judge* (1873), 33 Wis. 93; *State ex rel. Long v. Keyes* (1889), 75 Wis. 288, 44 N. W. 13. Recently this court enlarged the scope and use of the writ of prohibition to include nonjurisdictional error when the appeal or other remedies would come too late for effective relief and great hardship would result. *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. 2d 485, 90 N. W. 2d 790. More recently this court has expanded the concept of hardship and the inadequacy of other remedies. In *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 232, 108 N. W. 2d 648, we said ". . . the appeal may come too late for effective redress, or be inadequate and there is a need for such intervention to avoid grave hardship or a complete denial of the rights of a litigant." *See also State ex rel. Reynolds v. Circuit Court* (1961), 15 Wis. 2d 311, 112 N. W. 2d 686, 113 N. W. 2d 537; *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. 2d 609, 143 N. W. 2d 437; *State ex rel. Beaudry v. Panosian* (1967), 35 Wis. 2d 418, 151 N. W. 2d 48; *State ex rel. La Follette v. Circuit Court* (1967), 37 Wis. 2d 329, 155 N. W. 2d 141; *State ex rel. Schulter v. Roraff* (1968), 39 Wis. 2d 342, 159 N. W. 2d 25.

Although this court has extended the scope of the writ, it must still be directed to the restraint of the exercise of judicial or quasi-judicial power by a court, tribunal or individual. In the *Kellogg Case,* this court said the writ of prohibition could not be used against any "officer or body on whom the law confers no power of pronouncing any judgment." *See also State ex rel. De Puy v. Evans* (1884), 88 Wis. 255, 60 N. W. 433.

In *State ex rel. Distenfeld v. Neelen* (1949), 255 Wis. 214, 38 N. W. 2d 703, this court affirmed the quashing of a writ of prohibition which sought to enjoin the district judge, assistant city attorney, the mayor and the president of the Milwaukee Common Council from disclosing at a liquor-license hearing the testimony the petitioner gave at a John Doe proceeding before the district judge. The common council had ordered the district judge to appear

as a witness and to bring with him the John Doe testimony. The court held the persons against whom the writ was sought were not attempting to exercise judicial power. This view and the language implying a magistrate in a John Doe hearing was not acting in a judicial or quasi-judicial capacity was later withdrawn in *State ex rel. Niedziejko v. Coffey* (1964), 22 Wis. 2d 392, 126 N. W. 2d 96, 127 N. W. 2d 14.

In *Niedziejko* we again enlarged the traditional scope of the writ of prohibition and held the writ would lie to restrain a judicial or quasi-judicial officer from misusing information which had come to him in his judicial or quasi-judicial capacity. We pointed out the wrongful disclosure by such officer of secret testimony might be characterized as a nonjudicial function. However, the threatened disclosure was by an officer acting in a quasi-judicial capacity who considered he was exercising such power. Consequently, this case might well be considered one of acting in excess of judicial power rather than in usurping judicial jurisdiction.

We have pointed out many times the circuit courts have supervisory control over inferior courts and tribunals by art. VII, sec. 8, of the Wisconsin Constitution which may be exercised by the writ of prohibition. *Drugsvold v. Small Claims Court* and *State ex rel. Kiekhaefer v. Anderson, supra.* While sec. 293.08, Stats., applies expressly to writs of prohibition in the supreme court, it also applies to the circuit courts and was construed at an early date to regulate the practice only in some particulars. *State ex rel. Kellogg v. Gary, County Judge, supra.*

While the section states the writ should be addressed to the "court and party," this by tradition and usage has become to mean a court and judge or person exercising judicial or quasi-judicial powers. It has also included parties to the cause or action in which the judicial power is sought to be restrained, but this use seems to be superfluous and unnecessary for the relief sought, *i.e.*, the

restraining of judicial power. Consequently, it is not necessary to the validity of the writ to name parties to the lawsuit or the activity other than the person exercising the judicial power sought to be restrained.

Conversely, however, naming only a party, the district attorney, as was done in this case, is not sufficient. The district attorney was exercising no judicial power and was not exceeding any vested judicial jurisdiction. The real party in interest and the proper object of the writ of prohibition was the circuit court and the judge who had jurisdiction of criminal cases. The writ will not lie without such party and in any event the petition states no ground for the writ against the district attorney.

*By the Court.*—Order affirmed.