STATE EX REL. JEFFERSON, Appellant, v. RORAFF, County Judge, Respondent.*

*No. 157. Argued September 4, 1969.—Decided October 3, 1969.*
(Also reported in 170 N. W. 2d 691.)

* Motion for rehearing denied, without costs, on November 25, 1969.

252

254

For the appellant there were briefs by *Arneson, Berg & Doyle* and *Patrick R. Doyle,* all of La Crosse, and oral argument by *Patrick R. Doyle.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Burleigh Randolph,* district attorney of La Crosse county.

CONNOR T. HANSEN, J.

*Undertaking and deprivation of due process.*

After Jefferson decided to appeal from the order of the circuit court, he requested the circuit court to delay the execution of its order until the completion of appeal. Using the powers granted it by sec. 274.24, Stats., the circuit court granted the defendant's motion on the condition he give an undertaking in the sum of $200 to protect the respondent from damages it may suffer by reason of the delay in execution of the order. Jefferson claims the undertaking was unnecessary and that this added financial burden can limit a person's right and opportunity to litigate.

There is no showing in the record that Jefferson is indigent. Short of this fact, it is impossible to establish denial of due process because of cost of litigation. Also, if, as Jefferson claims, the undertaking does prove to be in fact unnecessary, his $200 will be returned to him. Therefore, we conclude that requiring the defendant to post an undertaking did not deprive him of due process in this case.

*Alternative writ of prohibition.*

The defendant relies upon the language of the recently decided case of *State ex rel. Schulter v. Roraff* (1968), 39 Wis. 2d 342, 348, 159 N. W. 2d 25, wherein we said:

"We think the writ of prohibition was a proper remedy to test the jurisdiction of the judge of the county court as a magistrate to hold a preliminary examination on the alleged felony."

This is a correct, but only a partial, recitation of the law. It merely means that the extraordinary remedy of prohibition, if *properly* invoked, will reach the error claimed. The more crucial question, and one that must be subjectively decided in each case, is whether under the circumstances a court's extraordinary supervisory powers *ought* to be invoked to reach the error.

There is apparently the misconception that we have declared prohibition to be an available remedy in all cases where it would be an effective remedy. This is an incorrect view of the posture of the law.

We have in recent years, particularly since the publication of Mr. Justice JOHN D. WICKHEM'S brilliant article entitled, *The Power of Superintending Control of the Wisconsin Supreme Court,* 1941 Wisconsin Law Review, 153, broadened the writ of prohibition beyond its original scope, which limited the exercise of a court's superintending powers by prohibition to restrain an inferior court from acting in excess of its jurisdiction. The rationale of the Wickhem article was simply that there were also nonjurisdictional errors of "such character as not to be appealable, or appeal from the judgment may come too late . . . ."

The validity of the Wickhem position was recognized in *State ex rel. Ampco Metal v. O'Neill* (1956), 273 Wis. 530, 78 N. W. 2d 921, and since that time this court has

under rigid strictures permitted the invocation of the extraordinary writ of prohibition to claims of non-jurisdictional errors. As we said in the leading case of *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 232, 108 N. W. 2d 648:

". . . the strictness of the rule has been relaxed and the writ of prohibition may now be invoked in cases of a nonjurisdictional error when the appeal may come too late for effective redress, or be inadequate and there is a need for such intervention to avoid grave hardship or a complete denial of the rights of a litigant."

This statement taken from *Drugsvold* makes it apparent that the only broadening of the writ by this court was the inclusion within the scope of the writ of non-jurisdictional errors under the same circumstances and conditions under which we would permit jurisdictional errors to be reached.

A court will exercise its supervisory jurisdiction over an inferior court by a writ of prohibition only in those cases where an appeal is unavailable or ineffective and extraordinary hardship is shown.

The case that first discussed this court's constitutional supervisory jurisdiction over inferior courts is *Attorney General v. Blossom* (1853), 1 Wis. 277 (*317). In *State ex rel. Fourth Nat. Bank v. Johnson* (1899), 103 Wis. 591, 618, 79 N. W. 1081, the rationale of *Blossom* and other cases involving supervisory jurisdiction was capsulized in the statement that such jurisdiction was for the purpose of "enabling and requiring it, upon sufficient occasion, by the use of all proper and necessary writs to promptly restrain the excesses and quicken the neglects of inferior courts in the absence of other adequate remedy . . . ."

It is apparent from this statement of the purpose of a court's supervisory jurisdiction that no inconsequential or remediable error would be sufficient to invoke this

type of jurisdiction that in effect ousts an inferior court from the exercise of its function.

In *In re Petition of Pierce-Arrow Motor Car Co.* (1910), 143 Wis. 282, 285, 127 N. W. 998, Mr. Chief Justice WINSLOW expanded upon his statements in *Johnson, supra,* and for the first time the Wisconsin Supreme Court definitively stated the scope of the writ of prohibition and the circumstances under which it would be invoked. He said:

". . . this jurisdiction is not to be exercised upon light occasion, but only upon some grave exigency; that the writs by which it is exercised will not be used to perform the ordinary functions of an appeal or writ of error; that the duty of the court below must be *plain;* its refusal to proceed within the line of such duty or, on the other hand, its intent to proceed in violation of such duty must be *clear;* the results must be not only prejudicial but must involve extraordinary hardship; the remedy by appeal or writ of error must be utterly inadequate . . . ."

Prohibition was sought in *Pierce-Arrow* on the claim of defective service of process and a consequent claim that the circuit court was without jurisdiction to proceed. It thus appears to be clear from the very genesis of the law of prohibition in Wisconsin that these stringent conditions were made the prerequisite for the writ.

*State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. 2d 485, 90 N. W. 2d 790, makes it absolutely apparent that the same circumstances must appear when petitioner seeks prohibition based upon a nonjurisdictional error. Therein the state sought to quash the writ on the grounds that it was only applicable in a situation where a judge exceeds his jurisdiction. Mr. Justice CURRIE, speaking for the court, at pages 490 and 491 pointed out that the scope of the writ was broadened to include nonjurisdictional errors as the result of *Ampco Metal, supra:*

"However, relator's petition fails to allege any facts which disclose that he would suffer great hardship . . . .

In order to entitle a party to a writ of prohibition, the results of the error attacked must not only be prejudicial to him but must involve *extraordinary hardship*. . . .

"It is a further well-established principle that prohibition will not lie where there is an adequate remedy by appeal."

*Drugsvold, supra,* page 232, reiterated the same two-fold prerequisite to the invocation of prohibition—that appeal is either unavailable or inadequate, and there is a need for the intervention of a court having supervisory jurisdiction "to avoid grave hardship or a complete denial of the rights of a litigant."

We deem that the burden is on the petitioner seeking the intervention of the supervisory court to allege sufficient facts to demonstrate the absence or complete inadequacy of appeal and that extraordinary hardship will result if the writ does not issue. We conclude that the petitioner has failed in both respects. The petition contains the general conclusionary statement that the remedy by appeal is inadequate and that the petitioner will suffer grave hardship if the trial continues, but no facts are alleged in support of these conclusions. The brief and oral argument were directed exclusively to the merits of the petitioner's claim of error and no effort was made at any time to surmount the threshold barrier to the court's jurisdiction by a showing that there were extraordinary circumstances that warranted the extraordinary interference with the conduct of a lawsuit in a trial court.

Consequently, the circuit court properly quashed the writ.

The attorney general's brief ably points out the nature and purpose of the writ of prohibition:

"It is not a remedy in the ordinary course of law and should be used with great caution and forbearance. It should be used only to further, not delay, justice. Its purpose is to secure, not destroy, order and regularity in and among inferior tribunals."

It follows, irrespective of the meritoriousness of a claimed error, that this court will not reach the merits by the exercise of supervisory jurisdiction unless extraordinary circumstances calling for the use of the writ have been sufficiently demonstrated.

It must appear that the issuance of the writ will expedite litigation and not delay it and that the cause of justice will be served not thwarted.

*By the Court.*—Order affirmed.