82 Wis.2d 454 (1978)
262 N.W.2d 773
IN MATTER OF STATE EX REL. LYNCH, District Attorney for Dane County
v.
COUNTY COURT, BRANCH III:
CLEVELAND, and another, Appellants,
v.
CIRCUIT COURT FOR DANE COUNTY, Respondent.
No. 75-807.
Supreme Court of Wisconsin.
Argued February 6, 1978.
Decided March 7, 1978.
*457 For the appellant Ronald S. Sielo there was a brief by Donald S. Eisenberg and Charles W. Giesen and oral argument by Jack M. Priester, all of Madison.
For appellant Gary G. Cleveland there was a brief and oral argument by Warren A. Kenney and Steven P. Weiss, Wisconsin Indian Legal Services of Madison.
For the respondent the cause was argued by Wm. L. Gansner, assistant attorney general, with whom on the brief was Bronson C. La Follette, attorney general.
*458 CONNOR T. HANSEN, J.
The appellants, Gary G. Cleveland and Ronald S. Sielo, and five others were charged with feloniously delivering cocaine, a controlled substance, contrary to secs. 161.41(1)(b), 161.16(4), and 939.05, Stats. Preliminary examination was commenced in the county court of Dane county. In the course of cross-examination of the state's first witness, counsel for one of the defendants demanded any exculpatory material contained in reports prepared by the witness, and counsel for the other defendants joined in this motion. During the ensuing exchange, the motion became a general demand for all exculpatory material in the possession of the district attorney.
In response, the state offered to have the county court inspect the state's files[1]in camera to determine whether any exculpatory evidence was present, an offer which the state repeatedly advanced. The county court ultimately determined that the files should be examined by the respective attorneys for the defendants and in doing so ordered from the bench that:
"... The order is to allow each of the attorneys for the defendants to review their respective file in your [district attorney's] office. They can take whatever notes they want to out of that file. They are not to have copies of the file, you know, xerox [sic] them at this time."
The preliminary examination was then adjourned and the district attorney petitioned the circuit court for an alternative writ of prohibition restraining the county court and the county judge from enforcing the order of the county court.
A hearing was held before the circuit court, and although the county judge did not appear, appellants *459 Cleveland and Sielo were permitted to intervene. The appellants' motions to quash the writ were denied, and the writ was granted. Judgment making absolute the writ of prohibition was entered and the appellants appeal.
The issue presented is whether, on the facts of the present case, the extraordinary remedy of a writ of prohibition was proper.
The writ of prohibition is an extraordinary remedy. State ex rel. Dept. of Pub. Instruction v. ILHR, 68 Wis. 2d 677, 684, 229 N.W.2d 591 (1975). Traditionally employed to restrain an inferior court from exceeding its jurisdiction, State ex rel. Freemon v. Cannon, 40 Wis.2d 489, 491, 162 N.W.2d 32 (1968), the writ of prohibition has in recent years been extended to reach claims of nonjurisdictional error, State ex rel. Jefferson v. Roraff, 44 Wis.2d 250, 255, 170 N.W.2d 691 (1969); State ex rel. Freemon v. Canon, supra, at 492; State ex rel. Reynolds v. Circuit Court, 15 Wis.2d 311, 314, 315, 112 N.W.2d 686 (1961).
Regardless of the nature of the error asserted, however, prohibition remains a drastic and extraordinary remedy, State ex rel. Klinkiewicz v. Duffy, 35 Wis.2d 369, 375, 151 N.W.2d 63 (1967); State ex rel. Niedziejko v. Coffey, 22 Wis.2d 392, 401, 126 N.W.2d 96, 127 N.W.2d 14 (1964), and its invocation is subject to stringent prerequisites. State ex rel. Jefferson v. Roraff, supra.
[1]
Prohibition will not lie to correct every judicial error. Only where the duty of the court below is plain, and where there is a clear refusal to meet that duty or a clear intent to disregard it, will a writ of prohibition issue. State ex rel. Prentice v. County Court, 70 Wis.2d 230, 235, 234 N.W.2d 283 (1975); State ex rel. Jefferson v. Roraff, supra, at 257, quoting In Petition of Pierce-Arrow *460 Motor Car Co., 143 Wis. 282, 285, 127 N.W. 998 (1910).
[2, 3]
Moreover, no matter how meritorious a claim of error may be, two distinct showings must be made before a writ of prohibition will issue. First, it must be shown that ordinary remedies, by appeal or otherwise, are inadequate. State ex rel. Dept. of Pub. Instruction v. ILHR, supra, at 684; Mohrhusen v. McCann, 62 Wis.2d 509, 512, 215 N.W.2d 560 (1974).[2] Second, it must be shown that grave or extraordinary hardship will result if the writ does not issue. State ex rel. Di Salvo v. Washington County Ct., 79 Wis.2d 27, 31, 255 N.W.2d 459 (1977); State ex rel. Prentice v. County Court, supra, at 234.
[4]
It will not suffice merely to assert these prerequisites in a conclusory fashion. Rather, a party seeking the intervention of a supervisory court has the burden of alleging facts sufficient to reasonably demonstrate both the inadequacy of ordinary remedies and the gravity of the hardship if the writ does not issue, State ex rel. Di Salvo v. Washington County Ct., supra, at 31; State ex rel. Prentice v. County Court, supra, at 234; Mohrhusen v. McCann, supra, at 512; unless the harm is "inherent in the situation," Mohrhusen v. McCann, supra, at 509, *461 512; State ex rel. Dept. of Pub. Instruction v. ILHR, supra, at 686, 687.
In the instant case, the petition for the writ of prohibition alleged the inadequacy of the remedy of appeal, asserting that appeal would come too late for effective redress because the order of the county court directed the state to permit the defendants to examine their respective files before resuming the preliminary hearing. On appeal, the state further asserts that immediate appeal was not available to the state under sec. 974.05, Stats., and that the issue may evade review altogether, because of jury verdict favorable to the defendants would prevent appeal by the state.
[5]
These arguments are consistent with the decisions of this court. The inadequacy of the remedy of appeal may arise from the fact that appeal would come too late for effective redress. State ex rel. Jefferson v. Roraff, supra, at 256, quoting Drugsvold v. Small Claims Court, 13 Wis. 2d 228, 232, 108 N.W.2d 648 (1961); see: State ex rel. Dept. of Pub. Instruction v. ILHR, supra, at 687.
This court has indicated that a writ of prohibition is a proper remedy where an inferior court has improperly compelled disclosure of evidence. Thus in State ex rel. Reynolds v. Circuit Court, 15 Wis.2d 311, 315, 112 N.W. 2d 686 (1961) prohibition was sought to restrain enforcement of a trial court order requiring two appraisers to give certain depositions in a civil action against the state highway commission. Although the petitioners did not prevail on the merits of their claim, and the writ was therefore denied, this court acknowledged the inadequacy of the remedy of appeal in such a situation. If the appraisers were required to comply with the order, this court observed, any right which the state had to have such testimony withheld would be destroyed, and an appeal would be unable to repair the damage.
*462 The appellants contend that the state could have secured adequate relief by seeking a protective order covering any privileged items or material which could not safely be disclosed. However, the record makes plain that the state's objection to disclosure does not concern specific items which might properly be made subject to a protective order.
Upon direct inquiry by the county court, the assistant district attorney stated that the seven files did not contain information which would reveal the identities of informants or undercover agents. The trial court further inquired whether the files contained information regarding any other persons which warranted protection, or anything which should not be revealed to the defendants. The assistant district attorney stated that generally there was nothing of that nature, but that he could not be positive without examining the files page by page.
Neither the petition for the writ of prohibition nor the supporting brief indicated that the files contain specific items requiring protection. It is apparent, therefore, that the writ of prohibition was sought, not to prevent disclosure of any specific item or items, but to prevent whatever harm may be implicit in ordering that the state make its file available to counsel for the defendant for examination and the taking of such notes as he wishes prior to a preliminary examination.
The question, then, is whether the order of the county court was plainly erroneous, and whether grave harm would result if the writ of prohibition did not issue.
The state maintains that prohibition was proper because the harm in the present case is "inherent in the situation." State ex rel. Dept. of Pub. Instruction v. ILHR, supra, at 686, 687; Mohrhusen v. McCann, supra, at 512. More specifically, the state contends that the actions of the county court will subvert the orderly processes of disclosure and discovery, unjustifiably delay the case below, *463 unnecessarily expose the state's case against these defendants and create a precedent which is likely to hinder the efforts of the prosecution in future cases. In sum, the state asserts that the order of the county court impedes the orderly administration of justice by infringing upon the state's right not to open its files for general inspection by criminal defendants prior to a preliminary examination.
These contentions are predicated upon the view that the actions of the county court are utterly without sanction in the constitution or legal precedent. For this reason, it is impossible to gauge the alleged harm without determining whether the trial court erred; it is therefore necessary to turn to the merits of the state's arguments. Cf. State ex rel. Reynolds v. Circuit Court, supra, 315.
[6]
The parties recognize that the state has an affirmative duty to disclose to a criminal defendant any material within its possession or control which tends to negate the guilt of the defendant or which would tend to reduce his punishment therefor. Nelson v. State, 59 Wis.2d 474, 479, 208 N.W.2d 410 (1973). It is unprofessional conduct for a prosecutor to fail to disclose such exculpatory material ".... at the earliest feasible opportunity ...," American Bar Association Project on Standards for Criminal Justice, The Prosecution Function and the Defense Function, sec. 3.11(a), quoted in Nelson v. State, supra, at 483, fn. 9. The state must therefore disclose such material as soon as the state recognizes its exculpatory character. United States v. Mitchell (S.D.N.Y. 1973), 372 Fed. Supp. 1239, 1257. These principles are not in dispute here.
[7]
Rather, the question here is whether criminal defendants may determine for themselves which, if any, of the materials in the hands of the state are exculpatory. The *464 constitutional right to a fair trial does not entitle a defendant to inspect the entire file of the prosecutor. In United States v. Agurs, 427 U.S. 97, 106, 109, 96 Sup. Ct. 2392, 49 L. Ed.2d 342 (1976), the Supreme Court stated:
"... [T]here is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor,..."
and
"Whether or not procedural rules authorizing such broad discovery might be desirable, the Constitution surely does not demand that much. While expressing the opinion that representatives of the State may not `suppress substantial material evidence,' former Chief Justice Traynor of the California Supreme Court has pointed out that `they are under no duty to report sua sponte to the defendant all that they learn about the case and about their witnesses.' In re Imbler, 60 Cal.2d 554, 569, 387 P.2d 6, 14 (1963). And this Court recently noted that there is `no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.' Moore v. Illinois, 408 U.S. 786, 795...."
In Ruiz v. State, 75 Wis.2d 230, 249 N.W.2d 277 (1977), this court considered the holding of Agurs, supra, and at pages 241, 242, stated:
"It appears, therefore, that under the standard of Agurs, unless the evidence not disclosed is probative of innocence, no duty to disclose arises, and only if the evidence not disclosed would have created a reasonable doubt was constitutional error committed by the non-disclosure."
See also: Britton v. State, 44 Wis.2d 109, 170 N.W.2d 785 (1969) (holding that there is no general right to inspect the prosecutor's files after trial).
[8, 9]
The defendants in the present appeal concede that the constitution confers no general right to peruse the prosecutor's *465 files. However, the defendants maintain that the trial court may, in its discretion, confer such a right. It is the conclusion of this court that generalized inspection of the prosecution's files by the defense, at this early stage of a criminal prosecution, is inherently harmful to the orderly administration of justice.
[10]
It is important to remember that the constitutional source of the defendants' right to exculpatory material is in the right to a fair trial guaranteed by the fifth and fourteenth amendments to the United States Constitution.[3]United States v. Agurs, supra, at 107; see: Brady v. Maryland, 373 U.S. 83, 87, 88, 83 Sup. Ct. 1194, 10 L.Ed.2d 215 (1963) A preliminary examination is not a trial. Tell v. Wolke, 21 Wis.2d 613, 617, 618, 124 N.W.2d 655 (1963).
[11]
A preliminary examination is a hearing before a court for the purpose of determining whether there is probable cause to believe that a felony has been committed by the defendant. Sec. 970.03, Stats. Once such probable cause has been shown, and the defendant has been bound over for trial, the prosecutor is not bound, in presenting an information, to the particular charges advanced at the preliminary examination. Rather, he may advance additional related charges and, indeed, may charge in the information. any crime not wholly unrelated to the transactions and facts adduced at the preliminary examination. Wittke v. State ex rel. Smith, 80 Wis.2d 332, 352 259 N.W.2d 515 (1977).
In this sense, the particular charges alleged in the complaint at a preliminary examination must be considered *466 tentative or provisional. Because the ultimate charges have not been determined with any certainty, it is inevitably difficult, if not impossible, to determine at the time of the preliminary examination which materials, if any, may prove exculpatory at the time of trial. This determination cannot be made in any meaningful way until "... after the issues and the Government's proof have crystallized...." United States v. King. (S.D.N.Y. 1970), 49 F.R.D. 51, 53.
Inspection of the state's files by the defense at this early stage, where there has been no showing of particularized need for inspection, can serve only an opportunity for generalized, unrestricted discovery, rather than as a device for the constitutionally mandated disclosure of specific exculpatory material.[4] Such discovery will impede the orderly processes of discovery prescribed by statute, see: secs. 971.23 to 971.25, Stats., and will circumvent the legislative determinations reflected in those statutes; will unjustifiably delay the administration of justice; and will needlessly complicate the relatively informal procedures applicable at this early stage of a prosecution. This harm is inherent in the order of the county court.
[12]
Further this court has said that pretrial discovery procedures should be determined by statute or by rule of court and should not be decided by the courts on a case-by-case basis. State v. Miller, 35 Wis.2d 454, 478, 151 N.W.2d 157 (1967). The order of the county court would operate, in essence, as a discovery device, and would therefore be inconsistent with this principle.
The defendants rely upon Dennis v. United States, 384 U.S. 855, 874, 86 Sup. Ct. 1840, 16 L.Ed.2d 973 (1966), in *467 which criminal defendants were permitted to examine the grand jury testimony of prosecution witnesses. There, the Supreme Court said that attorneys for the defense, rather than the prosecutor or the trial court, should be permitted to determine what was exculpatory. The court said:
"... Trial judges ought not to be burdened with the task or the responsibility of examining sometimes voluminous grand jury testimony in order to ascertain inconsistencies with trial testimony. In any event, "it will be extremely difficult for even the most able and experienced trial judge under the pressures of conducting a trial to pick out all of the grand jury testimony that would be useful in impeaching a witness.' Pittsburg Plate Glass, 360 U.S., at 410 (dissenting opinion). Nor is it realistic to assume that the trial court's judgment as to the utility of material for impeachment or other legitimate purposes, however, conscientiously made, would exhaust the possibilities. In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate ...." Dennis v. United States, supra, at 874,875.
In Dennis, however, the defendants had made a showing of "particularized need" to inspect the material, a fact which the Supreme Court emphasized. Dennis v. United States, supra, 870-873. No such showing of "particularized need" was made or attempted in the present case. Dennis is therefore inapposite and is not authority for the proposition that counsel for the defendant has a right to examine the files of the state before bindover.
[13]
Brady v. Maryland, supra, and succeeding cases necessarily place heavy responsibility upon the prosecutor. Particularly at this early stage of the proceedings, substantial reliance must be placed upon his good faith and *468 upon his desire to meet that responsibility in accordance with the general presumption of regularity and propriety to which his official acts are entitled. At the preliminary hearing stage, therefore, and in the absence of a showing of particularized need, the identification of exculpatory material must be entrusted to the good conscience of the prosecution, subject to the sanction implicit in Brady, supra, that if the prosecution improperly withholds disclosure it may later risk the granting of a motion for a new trial. See: United States v. Wolfson (S.D.N.Y. 1968), 289 Fed. Supp. 903, 915, judgment affirmed 405 Fed.2d 779 (1968), cert. den. 394 U.S. 946 (1969); United States v. Cobb (S.D.N.Y. 1967), 271 Fed. Supp. 159, 163, 164.
For the foregoing reasons, this court is of the opinion that under the prevailing circumstance, the order of the county court was without basis in the constitution or in sound judicial policy; that the order therefore represented a clear breach of a plain judicial duty; and that the harm involved was inherent in the situation. The judgment of prohibition is therefore affirmed.
By the Court.Judgment affirmed.
NOTES
[1] There are seven files, one for each of the seven defendants. These files are not included in the record in the present proceeding.
[2] Although this prerequisite has at times been stated as requiring only that the remedy of appeal be unavailable or ineffective, see, e.g., State ex rel. Jefferson v. Roraff, supra, at 256; State ex rel. Prentice v. County Court, supra, at 234, the decisions of this court make clear that a writ of prohibition will not issue where any available legal remedy would provide effective redress. See, e.g., State ex rel. Freemon v. Cannon, supra, at 491 (motion for remand held to constitute adequate remedy); State ex rel. Cullen v. Ceci, 45 Wis.2d 432, 438, 440, 173 N.W.2d 175 (1970) (writ of habeas corpus held to be adequate remedy); In re Weaver, 162 Wis. 499, 156 N.W. 459 (1916) (plea in abatement held adequate remedy).
[3] Disclosure at the present stage of the instant prosecution is in no way essential to the effective use of any exculatory material by the defendants at trial. It is unnecessary to determine whether the right to a fair trial may, under certain circumstances, require pretrialbut post-bindoverdisclosure to permit the effective use of particular evidence at trial.
[4] This court has emphasized that discovery is distinct from constitutionally mandated disclosure. State v. O'Connor, 77 Wis.2d 261, 280, fn. 7, 252 N.W.2d 671 (1977).