# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2012AP544-W |
| COMPLETE TITLE: | In the Matter of State v. Michael B. Buchanan, 2011AP1997-CR: |

State of Wisconsin ex rel. Office of the State Public Defender,
            Petitioner,
        v.
Court of Appeals, District IV and the Honorable Paul Lundsten, presiding,
            Respondents.

### PETITION FOR SUPERVISORY WRIT
### BEFORE THE SUPREME COURT

| | |
|---|---|
| OPINION FILED: | April 9, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 5, 2012 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | BRADLEY, J., ABRAHAMSON, C.J., PROSSER, J., dissent. (Opinion filed.) |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the petitioner, there were briefs by *Joseph N. Ehmann*, first assistant state public defender, and *Kelli S. Thompson*, state public defender, and oral argument by *Joseph N. Ehmann*.

For the respondents, there was a brief by *Patrick J. Fiedler* and *Tyler Wilkinson*, and *Axley Brynelson, LLP*, Madison, and oral argument by *Patrick J. Fiedler*.

An amicus curiae brief was filed on behalf of the State of Wisconsin by *Marguerite M. Moeller*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

**2013 WI 31**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP544-W

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of State v. Michael B. Buchanan, 2011AP1997-CR (L.C. No. 2009CF113):**

**State of Wisconsin ex rel. Office of the State Public Defender,**

                     **Petitioner,**

          **v.**

**Court of Appeals, District IV and the Honorable Paul Lundsten, presiding,**

                     **Respondents.**

**FILED**

**APR 9, 2013**

Diane M. Fremgen
Clerk of Supreme Court

_____

          PETITION for supervisory writ.   *Rights declared; relief granted, case proceeds accordingly at the court of appeals.*

          ¶1   ANNETTE KINGSLAND ZIEGLER, J.   This is a review of an order of the court of appeals[1] that required defense counsel to seek permission from the circuit court in order to reference information from a presentence investigation report (PSI) in an appellate brief.

_____
          [1] State v. Buchanan, 2011AP1997-CR, unpublished order (Wis. Ct. App. Feb. 13, 2012).

¶2 Assistant State Public Defender Steven Grunder (Grunder) was appointed as postconviction counsel for Michael Buchanan (Buchanan). Grunder, on Buchanan's behalf, filed a motion with the court of appeals seeking permission to use, cite to, and quote from[2] Buchanan's PSI in his appellate brief. The court of appeals granted the motion. The State, in turn, filed a motion seeking the same permission to use, cite to, and quote from the PSI for its own appellate brief. The State's motion stated that it had been the attorney general's practice to seek the circuit court's permission to cite a PSI in an appellate brief following State v. Parent, 2006 WI 132, 298 Wis. 2d 63, 725 N.W.2d 915. The court of appeals then issued an order that placed under seal all copies of Buchanan's brief, directed the parties to move the circuit court for permission to cite the PSI, and denied the State's motion to the court of appeals for permission to cite the PSI. The State Public Defender (SPD) petitioned this court to issue a supervisory writ vacating the court of appeals' order and clarifying that the parties in Buchanan's case need not ask permission of any court before citing the PSI in their appellate briefs. Uniquely, the State filed an amicus brief agreeing with the SPD.

¶3 We conclude that the SPD has not met the requirements for issuance of a supervisory writ. However, pursuant to our superintending and administrative authority, we conclude that in

---

[2] Throughout the opinion, "reference" includes use, citation to, and quotation from the PSI.

2

a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) (2009-10)[3] need not ask any court's permission to reference a PSI in an appellate brief.  Parties may reference information from the PSI that does not reveal confidential information and that is relevant to the appeal.  We urge counsel to be abundantly cautious when deciding whether it is necessary to cite sensitive information and when choosing how to cite such content.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

¶4   In 2010, Buchanan pled no contest to two crimes.  The circuit court sentenced Buchanan, and he filed a notice of intent to pursue postconviction relief.  The SPD assigned Attorney Grunder to represent Buchanan.  On November 22, 2011, Buchanan's counsel filed a motion with the court of appeals seeking permission to cite "the portions of the PSI relevant to the defendant's appeal."  The motion stated that Buchanan's appeal was focused on sentencing issues, that it was necessary to cite the PSI to develop Buchanan's appellate claims, and that the portions of the PSI that Buchanan sought to use contained no confidential information.  On November 30, 2011, the court of appeals issued an order granting the motion.  The order allowed Buchanan to "quote sparingly" from the PSI but directed him not to use the initials or, by extension, the names of any

---

[3] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

individuals identified in the PSI. Buchanan then filed the appellate brief.

¶5 On January 4, 2012, a motion was filed on the State's behalf seeking the same permission to "quote from the PSI, subject to the same constraints" for the purposes of its own appellate brief. The State's motion stated that to fully respond to Buchanan's appellate brief, it needed permission to cite the PSI. The motion noted that following Parent, it has been the practice of the attorney general's office to seek permission from the circuit court to cite a PSI in an appellate brief.

¶6 On February 13, 2012, the court of appeals issued an order that, inter alia, placed under seal all copies of Buchanan's brief, directed the parties to move the circuit court for permission to "access, discuss, cite to, or quote from the PSI," and denied the State's motion to the court of appeals for permission to cite the PSI. The court of appeals reasoned that "Parent makes clear that the circuit court, and not this court, is the proper tribunal to preside over motions requesting access to and disclosure of the contents of PSI reports."

¶7 On February 24, 2012, Buchanan filed a motion for reconsideration in the court of appeals. Buchanan argued that a defendant has a right to deny or explain statements in the PSI, which could be violated if he or she is required to obtain circuit court permission to use the PSI. Further, Buchanan argued that Parent is limited to no-merit appeals and that the confidentiality requirement of Wis. Stat. § 972.15(4) and (4m)

4

is met by compliance with Wis. Stat. § (Rule) 809.81(8) ("Every . . . document that is filed in the court and that is required by law to be confidential shall refer to individuals only by their first name and the first initial of their last name.").

¶8   On March 2, 2012, the court of appeals denied Buchanan's motion for reconsideration.

¶9   On March 14, 2012, the SPD petitioned this court for a supervisory writ.  The petition asks this court to vacate the court of appeals' order that required the parties to move the circuit court for permission to "access, discuss, cite to, or quote from the PSI."  The SPD, and the State as an amicus, asks this court to rule that parties who are entitled "to have and keep a copy" of a PSI need not ask any court's permission to cite to or quote from a PSI in an appellate brief, subject to the confidentiality requirement of Wis. Stat. § 972.15(4)——(4m).

¶10 On June 13, 2012, we accepted the case for full briefing and argument.

## II. STANDARD OF REVIEW

¶11 The first question presented is whether this court should issue a supervisory writ vacating the court of appeals' order.  As the court of original jurisdiction, we have discretion to issue a supervisory writ.  <u>See</u> Wis. Const. art. VII, § 3; Wis. Stat. § 751.07; <u>State ex rel. Dressler v. Circuit Court for Racine Cnty.</u>, 163 Wis. 2d 622, 630, 472 N.W.2d 532 (Ct. App. 1991).  However, a supervisory writ is a drastic and extraordinary remedy that will not be granted unless the

petition meets "stringent prerequisites."  State ex rel. Lynch v. County Court, Branch III, 82 Wis. 2d 454, 459, 262 N.W.2d 773 (1978).

¶12  The second question presented is whether parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need any court's permission to reference a PSI in an appellate brief.  This question requires us to interpret § 972.15.  Interpretation of a statute is a question of law that this court reviews de novo while benefitting from the analyses of the lower courts.  See State v. Ziegler, 2012 WI 73, ¶37, 342 Wis. 2d 256, 816 N.W.2d 238.

### III. ANALYSIS

### A. Supervisory Writ

¶13  We conclude that the SPD has not met the requirements for issuance of a supervisory writ.  However, pursuant to our superintending and administrative authority, we nonetheless consider the second question presented.

¶14  "A supervisory writ is an extraordinary remedy to prevent a court from refusing to perform, or from violating, its plain duty."  Madison Metro. Sch. Dist. v. Circuit Court for Dane Cnty., 2011 WI 72, ¶33, 336 Wis. 2d 95, 800 N.W.2d 442 (citing Dressler, 163 Wis. 2d at 630).  A petition for a supervisory writ will not be issued unless:

> (1) an appeal is an utterly inadequate remedy; (2) the duty of the [] court is plain; (3) its refusal to act within the line of such duty or its intent to act in violation of such duty is clear; (4) the results of the [] court's action must not only be prejudicial but

must involve extraordinary hardship; and, (5) the request for relief was made promptly and speedily.

Id., ¶77 (quoting Dressler, 163 Wis. 2d at 630).

¶15 The parties agree on the first prong, that an appeal would be an inadequate remedy, and on the fifth prong, that the SPD's request for relief was made promptly and speedily. The SPD argues that under Wis. Stat. § 972.15, the court of appeals had a plain duty to accept Buchanan's brief as filed and its refusal to accept Buchanan's brief was clear. Further, the SPD argues that requiring it to seek circuit court permission to cite a PSI would be an extraordinary hardship because it may violate a defendant's due process right to appeal and would be too costly for the SPD. The court of appeals argues that it did not violate a plain duty when it ordered Buchanan to seek circuit court permission to cite his PSI. The court of appeals further argues that it would not be an extraordinary hardship for the SPD to seek circuit court permission to cite a PSI.

¶16 The standard for "extraordinary hardship" has been met in few cases. For example, in Madison Metropolitan, after a school district expelled a student, the circuit court issued an order requiring the district to provide appropriate educational resources to the student. 336 Wis. 2d 95, ¶22. This court affirmed the court of appeals' grant of a supervisory writ, finding that the "extraordinary hardship" prong had been met:

> [T]he potential extraordinary harm to the District is inherent in the specter of interference by the courts. The District would be faced not only with the costs of any continued educational services ordered by the circuit court but also the prospect that such costs

would interfere with the District's performance of its duties in lawfully expelling students who endanger the health and safety of others.

Id., ¶89.   In Lynch, in response to a criminal defendant's demand for all exculpatory material in the district attorney's possession at the preliminary hearing stage, the circuit court ordered the district attorney to make its case files available for defense counsel's inspection.   82 Wis. 2d at 458-59.   The State argued that the circuit court's order would cause an extraordinary hardship because it would, inter alia, "unjustifiably delay" the case below and would "create a precedent which is likely to hinder the efforts of the prosecution in future cases."   Id. at 462-63.   We agreed that the extraordinary hardship test had been met:

> Inspection of the state's files by the defense at this early stage, where there has been no showing of particularized need for inspection, can serve only as an opportunity for generalized, unrestricted discovery, rather than as a device for the constitutionally mandated disclosure of specific exculpatory material.   Such discovery . . . will unjustifiably delay the administration of justice.

Id. at 466 (footnote omitted).

¶17 In the case before the court, even assuming the delay and extra cost of obtaining circuit court permission would cause an "extraordinary hardship," we conclude that the SPD has not met the criteria to grant a supervisory writ.   After Parent, there remained a legitimate question of whether parties to a merit appeal needed circuit court permission to cite a PSI in their appellate briefs.   When Buchanan filed his brief including information from his PSI, it was unclear whether the court of

8

appeals had a plain duty to accept the brief as filed.  Part III.B.1. of this opinion discusses that question.

¶18 We nonetheless conclude that it is appropriate for this court to exercise our superintending and administrative authority to clarify the procedure that a defendant's counsel and the State's representative should follow to cite a PSI in their appellate briefs.  Superintending and administrative authority allows this court to implement "procedural rules not specifically required by the Constitution or the [statute]." State v. Ernst, 2005 WI 107, ¶19, 283 Wis. 2d 300, 699 N.W.2d 92 (quoting United States v. Hasting, 461 U.S. 499, 505 (1983)). "Such rules are designed to implement a remedy for a violation of recognized rights."  Id.  The Wisconsin Constitution provides that "[t]he supreme court shall have superintending and administrative authority over all courts."  Wis. Const. art. VII, § 3.  This power "is indefinite in character, unsupplied with means and instrumentalities, and limited only by the necessities of justice."  Ernst, 283 Wis. 2d 300, ¶19.

### B. Citation to a PSI in an Appellate Brief

### 1. Interpretation of Wis. Stat. § 972.15

¶19 Pursuant to our superintending and administrative authority, we conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief.  Parties may reference information from the PSI that does not reveal confidential

information and that is relevant to the appeal.   Extreme caution should be undertaken when referencing sensitive information.[4]

¶20  The SPD, joined by the State as an amicus, argues that court permission is not needed before defense counsel or the State may cite to a PSI in an appellate brief.   The SPD argues that requiring circuit court permission may violate a defendant's rights, since a defendant has a due process right to be sentenced upon accurate information, see State v. Tiepelman, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1, a right to disclosure of all information in the PSI, see Gardner v. Florida, 430 U.S. 349, 361-62 (1977), and a right to challenge any statement in the PSI that he or she believes to be inaccurate or incomplete, see State v. Greve, 2004 WI 69, ¶11, 272 Wis. 2d 444, 681 N.W.2d 479.   The SPD further argues that Wis. Stat. § 972.15(4m), which authorizes the district attorney and the defendant's attorney "to have and keep a copy" of the PSI, should be interpreted to authorize those parties to use, cite, and quote the PSI in an appellate brief without court authorization.   The SPD additionally argues that Parent is limited to no-merit appeals.

¶21  The court of appeals concluded that the circuit court is the appropriate tribunal to grant authorization to cite a PSI in an appellate brief.   It determined that under Wis. Stat.

---

[4] A PSI should be quoted as sparingly as possible, and counsel must exercise sound discretion to avoid compromising sensitive information.   On occasion, appellate counsel may need guidance from the court of appeals.

§ 972.15(4), after sentencing, the PSI "shall be confidential and shall not be made available to any person except upon specific authorization of the court."  Further, under Wis. Stat. § 967.02(7), "'Court' means the circuit court unless otherwise indicated."  The court of appeals reasons that though Wis. Stat. § 972.15(4m) entitles the district attorney and defense counsel to "have and keep a copy" of the PSI, it does not authorize them to use, cite, or quote the PSI.

¶22  The resolution of this question requires interpretation of Wis. Stat. § 972.15, which states in relevant part:

> (3) The judge may conceal the identity of any person who provided information in the presentence investigation report.

> (4) Except as provided in sub. (4m), (5), or (6), after sentencing the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court.

> (4m) The district attorney and the defendant's attorney are entitled to have and keep a copy of the presentence investigation report.  If the defendant is not represented by counsel, the defendant is entitled to view the presentence investigation report but may not keep a copy of the report.  A district attorney or defendant's attorney who receives a copy of the report shall keep it confidential.  A defendant who views the contents of a presentence investigation report shall keep the information in the report confidential.

Under § 972.15(4), there is a general rule that after sentencing, the PSI is confidential and parties seeking access must seek "specific authorization of the court."  However, certain parties are exempted from this general rule under

11

§ 972.15(4m), including "[t]he district attorney and the defendant's attorney." These parties are entitled "to have and keep a copy" of the PSI, but the PSI must be kept "confidential."

¶23 "'The purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect.'" Ziegler, 342 Wis. 2d 256, ¶42 (quoting Heritage Farms, Inc. v. Markel Ins. Co., 2012 WI 26, ¶26, 339 Wis. 2d 125, 810 N.W.2d 465). Statutory interpretation "begins with the language of the statute." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Except for technical or specially-defined words, statutory language is given its common, ordinary meaning. Id. Statutory language is interpreted in the context in which it is used, not in isolation but as part of a whole. Id., ¶46. We must construe statutory language reasonably; an unreasonable interpretation is one that yields absurd results or one that contravenes the statute's manifest purpose. Id.

¶24 We conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to

12

reference a PSI in an appellate brief, subject to restrictions outlined in Part III.B.2.[5]

¶25  While we agree with the court of appeals that the circuit court is a "gatekeeper" of the PSI, the statutory language does not require parties' attorneys to obtain circuit court permission before referencing a PSI in an appellate brief. The court of appeals determined that under § 972.15(4), the circuit court alone may authorize access to the PSI.  It is true that Wis. Stat. § 967.02(7) defines "court" as the circuit court and Wis. Stat. § 972.15 otherwise requires court authorization to release the PSI.  However, this determination does not fully consider that the defendant's attorney and the State are already entitled "to have and keep a copy" of the PSI under Wis. Stat. § 972.15(4m).

---

[5] As a practical matter, this holding applies whether a defendant maintains his or her trial counsel, retains new appellate counsel, or is appointed appellate counsel through the SPD on appeal.  Similarly, this rule applies whether the district attorney maintains responsibility or the attorney general assumes responsibility of the case on appeal.  As a general rule, appellate counsel has access to trial counsel's file in order to appropriately appeal or respond to the appeal. Once the attorney general takes over the appeal from the district attorney, the district attorney "shall transfer all necessary files and papers relating to the case to the attorney general."  Wis. Stat. § 752.31(4); Wisconsin Department of Justice, Appellate Practice for Wisconsin Prosecutors 10 (May 2012) (discussing transfer of files between district attorney and attorney general).  Similarly, the defendant's appellate counsel obtains the defendant's case file from trial counsel. See The Wisconsin State Public Defender's Office SPD Appellate Division, Comprehensive Checklist Guide, available at http://www.wisspd.org/htm/ATPracGuides/Appellate.asp (appellate counsel should secure case materials from trial counsel within one week of appointment).

¶26 The court of appeals also turns to the fact that the statute does not specifically authorize those who are entitled "to have and keep a copy" of the PSI to actually "use" it. We disagree with the court of appeals' reasoning. The court of appeals points to Wis. Stat. § 972.15(5) and (6), which authorize "use" of the PSI for the Department of Corrections (DOC) and for parties involved in Chapter 980 proceedings.[6] It reasons that because the statute authorizes "use" in those instances, court permission must be received in order for those who are entitled "to have and keep a copy" of the PSI to "use" it. However, the DOC and the parties to a subsequent civil proceeding are in a different position than counsel representing parties to the underlying criminal matter for which the PSI was created. Unlike the attorneys, who under § 972.15(4m) are entitled "to have and keep a copy" of the PSI, those referenced in § 972.15(5) and (6) would not otherwise have access to the PSI absent that language, nor would they be parties to an appeal of the underlying criminal matter. The attorneys in the criminal matter, who are granted authority "to have and keep a copy" of the PSI in the criminal matter, have been granted that authority because they may need to use that PSI in the appeal.

---

[6] Wisconsin Stat. § 972.15(5) authorizes the DOC to "use" the PSI for correctional programming, treatment planning, and similar purposes. The DOC may also authorize access to a PSI to third parties for research. Under § 972.15(6), various parties can "use[]" the PSI in a Chapter 980 proceeding. No further court permission is needed for them to "use" the PSI even though they had no standing in the criminal matter for which the PSI was created.

14

¶27 Moreover, a practical example of how the statute is interpreted proves helpful.  Under § 972.15(1), "the court may order" a PSI even though the statute does not specifically say that the court may "use" the PSI for the purpose of sentencing a defendant.  Nonetheless, the circuit court properly "uses" the PSI when sentencing the defendant.

¶28 Furthermore, under Wis. Stat. § 808.075, once a case is appealed, the circuit court's power is limited.  Wis. Stat. § 808.075(4)(g).  For example, it does not retain power to redact portions of the PSI.[7]  The parties would have to petition the court of appeals under § 808.075(5) to remand the case to the circuit court.  If the petition for remand was granted, then the court of appeals would have to send the case record back to the circuit court.  See § 808.075(6).  Further, there is no guarantee that upon remand, the same circuit court judge will hear the motion to reference the PSI.  There is no quantifiable benefit if this procedure is required.

¶29 Our interpretation of Wis. Stat. § 972.15 is not in conflict with Parent, as that case was centered around access to the PSI, not use of the PSI.  We conclude that the rule of

---

[7] The circuit court and trial counsel should exercise great caution when the case is before the circuit court to ensure that the PSI is properly redacted before it goes up on appeal.  Under Wis. Stat. § 972.15(3), before sentencing, the circuit court judge already has the power to "conceal the identity of any person who provided information" in the PSI.  Parties must also comply with various rules of confidentiality, including Wis. Stat. § (Rule) 809.81(8) (refer to individuals in confidential documents by first name and first initial of last name).

15

<u>Parent</u> is confined to no-merit appeals.[8]  In <u>Parent</u>, this court held that in a no-merit appeal, the defendant is entitled to view a copy of the PSI, subject to redaction of identifying information of informants and to the requirement that the defendant keep the information in the PSI confidential.  298 Wis. 2d 63, ¶50.  Further, we held that the attorney general's office, which is typically not involved in no-merit appeals, must make its request to obtain a copy and disclose contents of the PSI to the circuit court.  <u>Id.</u>

---

[8] The no-merit appeal procedure seeks to reconcile a defendant's right to appeal and right to effective assistance of counsel, with an attorney's duty to avoid making frivolous arguments.  <u>State v. Parent</u>, 2006 WI 132, ¶¶17-19, 298 Wis. 2d 63, 725 N.W.2d 915.  If a defendant wishes to appeal a conviction and counsel does not believe there is any merit to the defendant's arguments, counsel must follow the procedure set forth in Wis. Stat. § (Rule) 809.32 and <u>State v. Tillman</u>, 2005 WI App 71, 281 Wis. 2d 157, 696 N.W.2d 574:

> First, appointed counsel examines the record for potential appellate issues of arguable merit.  <u>See</u> Rule 809.32(1)(a) ("The no merit report shall identify anything in the record that might arguably support the appeal and discuss the reasons why each identified issue lacks merit.").  Next, the defendant has the opportunity to respond to the no merit report and raise additional issues. Rule 809.32(1)(e).  Next, as contemplated by <u>Anders</u>, the appellate court not only examines the no merit report but also conducts its own scrutiny of the record to see if there are any potential appellate issues with arguable merit.  Finally, the court's no merit decision sets forth the potential appellate issues and explains in turn why each has no arguable merit.

<u>Id.</u>, ¶17 (citing <u>Anders v. California</u>, 386 U.S. 738, 744-45 (1967)).

16

¶30 In that case, Michael Parent (Parent) pled guilty to several charges, and the circuit court ordered a PSI. Id., ¶8. The circuit court sentenced Parent to a term of imprisonment consisting of 11 years of initial confinement and 11 years of extended supervision. Id. Parent's counsel filed a no-merit notice of appeal and requested a copy of Parent's PSI. Id., ¶9. The circuit court denied Parent access to his PSI, stating that Parent was trying to "draw attention to himself" and that providing him with a copy of the PSI would "only encourage Mr. Parent to raise issues that are without merit." Id., ¶11. Parent appealed, and the court of appeals denied Parent's motion to access his PSI. Id., ¶12. Parent's appellate counsel petitioned this court for a supervisory writ, which we granted. Id., ¶13. We remanded to the court of appeals, and the court of appeals certified the case back to this court:

> [T]he court of appeals certified the case to this court to clarify the procedure and factors to be considered when deciding whether a defendant should receive a copy of a PSI report to facilitate his or her response to a no-merit report, and to decide whether motions filed by the State seeking access to a PSI report and disclosure of its contents in the State's brief should be filed in the court of appeals or in [the] circuit court.

Id., ¶14.

¶31 At the time Parent's counsel requested a copy of the PSI, Wis. Stat. § 972.15(4m) did not exist. Thus, the statute required Parent's counsel to obtain circuit court authorization to access Parent's PSI. See Wis. Stat. § 972.15(4) (2003-04). In the course of the litigation, the legislature added subsec.

17

(4m) to § 972.15, which rendered moot the question of whether Parent and Parent's counsel were entitled to view and retain respectively, a copy of the PSI. See 2005 Wis. Act 311, § 2.

¶32 When reviewing the newly created Wis. Stat. § 972.15(4m), the court concluded that a defendant is entitled to view the PSI and the circuit court may not altogether deny access to the PSI. Parent, 298 Wis. 2d 63, ¶34. This right is subject to the circuit court's discretion under § 972.15(3) to conceal the identity of any person who provided information in the PSI report and the requirement that the defendant keep the information in the PSI confidential. Id. For the purposes of § 972.15(4m), Parent concluded that a defendant in a no-merit appeal is more like an "unrepresented" defendant than a represented defendant. Id., ¶41. Under § 972.15(4m), an unrepresented defendant "is entitled to view the [PSI] but may not keep a copy of the report." Id., ¶43.

¶33 The next question this court considered was whether the State's motion seeking access to and disclosure of the PSI should go to the circuit court or the court of appeals. Id., ¶47. The framing of this issue presupposed that the attorney general did not already have access to the PSI, which is logical in a no-merit case where (1) subsec. (4m) was not in existence during the underlying criminal case, so the State could not "have and keep a copy" of the PSI, and (2) the State may not become involved unless and until the court of appeals determines that the defendant's appeal has merit. See Wis. Stat. § (Rule) 809.32 (procedure for no-merit reports); Tillman, 281

18

Wis. 2d 157, ¶17; <u>Cleghorn v. State</u>, 55 Wis. 2d 466, 472, 198 N.W.2d 577 (1972) (stating that if the appeals court finds merit in the defendant's claim, it orders that the case "proceed with the appeal"). <u>Parent</u> determined that for the purposes of a no-merit appeal, the attorney general "should submit any requests to obtain a copy of the PSI report and to disclose its contents in the State's brief to the circuit court." 298 Wis. 2d 63, ¶49.

¶34 In <u>Parent</u>, neither party had access to the PSI. The question presented in <u>Parent</u> was how the parties to a no-merit appeal can access the PSI. <u>Id.</u>, ¶14. In this case, there is no question of access; the plain language of Wis. Stat. § 972.15(4m) authorizes the defendant's attorney and the district attorney to "have and keep a copy" of the PSI. The question presented in this case is whether parties who are already authorized by § 972.15(4m) "to have and keep a copy" of the PSI must obtain court permission to use information contained in the PSI in their appellate briefs. Therefore, <u>Parent</u> is not controlling on the issue now before this court because it concerned access to the PSI in a no-merit appeal. We conclude that the rule of <u>Parent</u> is limited to no-merit appeals.

¶35 As a practical matter, even if counsel were required to engage in motion practice before the circuit court or the court of appeals seeking permission to reference information contained in a PSI, that motion would provide little, if any, opportunity for the court to evaluate the confidentiality of the information or the sensitive contents contained in a PSI. The

motion itself is typically quite broad, and requests permission, as Buchanan's counsel did here, "to cite the portions of the PSI relevant to the defendant's appeal." The court's response is likewise quite broad, as it was here, giving permission to "quote sparingly" from the PSI. By necessity, the attorney's motion and the court's response must lack detail, otherwise the sensitive or confidential information would become a public record through the motion and the decision of the court. Thus, requiring court approval provides little, if any, guarantee that information will be treated any differently than if no motion were required.

## 2. Confidentiality

¶36 We conclude that parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief. Parties may reference information from the PSI that does not reveal confidential information and that is relevant to the appeal.[9] We urge counsel to be abundantly cautious when deciding whether it is necessary to cite sensitive information and when choosing how to cite such content.

---

[9] Our holding applies only to parties who are entitled "to have and keep a copy" of the PSI pursuant to Wis. Stat. § 972.15(4m) and reserves for another day the procedure a pro se defendant should follow, as those facts are not before us. Of note, however, is that a defendant is entitled to view the PSI, but is not entitled "to have and keep a copy." Any information from a PSI that a pro se defendant includes in an appellate brief will be from memory, which as a practical matter, likely limits the amount of detailed information the defendant could include.

¶37  The SPD and the State acknowledge that their ability to use the PSI is subject to the requirement that the PSI be kept confidential, see Wis. Stat. § 972.15(4) and (4m).  They argue that this requirement is met by compliance with Wis. Stat. § (Rule) 809.81(8) (confidential documents "shall refer to individuals only by their first name and the first initial of their last name").

¶38  The court of appeals concluded that confidentiality for the purposes of Wis. Stat. § 972.15 is broader than using a person's first name and the first initial of their last name. Instead, the court of appeals reasoned that the drafting comments to § 972.15 suggest that confidentiality means limiting access to the PSI and requiring circuit court permission to access the PSI after sentencing.

¶39  We agree with the SPD and the State that the confidentiality requirement of Wis. Stat. § 972.15 requires compliance with Wis. Stat. § (Rule) 809.81(8) ("Every notice of appeal or other document that is filed in the court and that is required by law to be confidential shall refer to individuals only by their first name and the first initial of their last name.").  See also Wis. Stat. § (Rule) 809.19(1)(g) and (2) (requiring reference to individuals by first name and last initial in appellate briefs when record is confidential). Parties should be mindful that a PSI may also contain information that must be kept confidential for other reasons, for example medical information, see Wis. Stat. § 146.82 ("All patient health care records shall remain confidential"),

information from child welfare and termination of parental rights (TPR) proceedings, <u>see</u> Wis. Stat. §§ 48.78, 48.396(2)(dr), and information from juvenile delinquency proceedings, <u>see</u> Wis. Stat. §§ 938.78, 938.396(2g)(dr). These examples are by no means exhaustive regarding the treatment or forms of confidential information that may be contained in a PSI. In addition, because of the sensitive nature of information contained in a PSI, counsel should be prudent when using any information from a PSI regardless of whether they are statutorily-required to so measure their actions.

¶40 Our conclusion that confidentiality under Wis. Stat. § 972.15 requires compliance with Wis. Stat. § (Rule) 809.81 is consistent with how confidentiality is interpreted in other areas of the law, for example TPR and juvenile cases. Under Wis. Stat. §§ 48.78 and 938.78, there is a general rule, subject to exceptions, that documents pertaining to individuals receiving care or in custody under Chapters 48 or 938 are confidential. In appellate briefs, attorneys maintain confidentiality by compliance with Wis. Stat. § (Rule) 809.19(1):

> Section 809.19(1)(g) requires the appellant's brief to refer to 'an individual by first name and last initial rather than by his or her full name when the record is required by law to be confidential.' Confidential cases generally involve juveniles (e.g. cases waiving juveniles into adult court or terminating parental rights). <u>See</u> Wis. Stat. §§ 48.78, 938.78.

22

Michael  S.  Heffernan,  Appellate  Practice  and  Procedure  in
Wisconsin, Ch. 11, at 16 (5th ed. 2011).  Our interpretation of
confidentiality in Wis. Stat. § 972.15(4) and (4m) is consistent
with the confidentiality rules for TPR and juvenile cases.

¶41  We disagree with the court of appeals' determination
that a PSI is confidential because it is not a public record and
access to the PSI is limited.  A PSI is not a public document.
However, that alone does not end the analysis.  The information
contained in a PSI may be critical to adequately forward or
respond to an issue on appeal.  Such a document may serve a
legitimate purpose and be admissible in litigation, yet not be a
public record.  While a PSI may not be a public record and may
contain confidential and sensitive information, that alone
cannot render it unreachable in the context of appellate
litigation.  In fact, information in the PSI may be seminal to
the appeal.  The court of appeals determined that the official

comments to the statute support its interpretation.[10]   We disagree.   Although those comments mention specific authorization to access the PSI, the comments were written before Wis. Stat. § 972.15(4m) was in existence.   The statute answers the question of access; § 972.15(4m) allows the defendant's attorney and the State "to have and keep a copy" of the PSI.   We find further support for our interpretation——that confidentiality means redacting information rather than limiting access——from analogous case law prioritizing access to documents for parties to the case over confidentiality.   The confidentiality of a record does not always trump access to and use of the record.[11]

---

[10]   The official comment to Wis. Stat. § 972.15(4) states: "The information in such reports is often unverified and would in many cases, even if true, cause irreparable harm to informants or the defendant.   The information may, of course, upon specific authorization of the court, be made available to any agencies, courts or individuals which have a legitimate need for it."   See § 63, ch. 255, Laws of 1969.   The same Committee Note stated that the confidentiality requirement of § 972.15 was consistent with ABA standards "that presentence reports should not be public records."   Id.; Am. Bar Ass'n Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968), ABA Advisory Committee on Sentencing and Review, § 4.3, at 210-11 (stating that the PSI should not be a public record, but should be available to the parties).   There is a distinction between a document being a public record and a document being available for litigation.

[11] For example, the court of appeals has held that Wis. Stat. § 967.06, allowing a public defender to access "any transcript or court record," gave the public defender access to a juvenile court record despite the rule in Wis. Stat. § 48.396, which provided that the record in juvenile cases is closed to anyone without judicial permission.   State ex rel. S.M.O. v. Resheske, 110 Wis. 2d 447, 454, 329 N.W.2d 275 (Ct. App. 1982).

¶42 To be clear, our decision does not grant parties unfettered discretion to reference any and all portions of a PSI; the parties may reference information from a PSI only if it is relevant to an issue on appeal. See State v. Comstock, 168 Wis. 2d 915, 923, 485 N.W.2d 354 (1992) ("[T]he dissent admits that it recites numerous facts drawn from the presentence investigation report. We disapprove of this practice.") (citation omitted); State v. McCallum, 208 Wis. 2d 463, 480 n.3, 561 N.W.2d 707 (1997) ("McCallum's motion to strike references to the defendant's presentence investigation report from the State's brief is granted." (citing Comstock, 168 Wis. 2d at 923-25)). This test is narrower than the general test of relevancy under Wis. Stat. § 904.01 because information may be relevant to the circuit court proceedings but not relevant to an issue on appeal, and therefore inappropriate to cite in an appellate brief.

¶43 We caution practitioners to exercise sound discretion when citing information from a PSI. A PSI may contain very sensitive information. See Wis. Admin. Code §§ DOC 328.27, 328.29 (Dec. 2006) (stating that PSI should include criminal record, correctional institutional record, victim's statement, family information, personal history, and identity of sources of information). Indeed, with electronic access to filed briefs, counsel must be even more vigilant with respect to how best to cite sensitive information. Clearly it is much more difficult to remove information from the public domain once it has been included in an appellate brief. Counsel and circuit courts must

25

be even more aware of the responsibility to redact a PSI at the trial court level before the case gets to the appellate level. The circuit court has the significant power to "conceal the identity of any person who provided information" in the PSI. Wis. Stat. § 972.15(3). Certainly, if appellate counsel, in the process of writing an appellate brief, is unsure whether information from a PSI can be included, he or she can ask the court of appeals for guidance or can file the brief under seal[12] until the court of appeals can decide whether the brief complies with rules of confidentiality. Opposing counsel could also move to strike inappropriate parts of the appellate brief. See McCallum, 208 Wis. 2d at 480 n.3.[13]

---

[12] Court records are open for public inspection. See Wis. Stat. § 59.20(3) (Every "clerk of the circuit court . . . shall open to the examination of any person all books and papers required to be kept in his or her office"). "Public records may be sealed (1) if a statute authorizes the sealing of otherwise public records, (2) if disclosure infringes a constitutional right or (3) if the administration of justice requires it." City of Madison v. Appeals Comm. of the Madison Human Servs. Comm'n, 122 Wis. 2d 488, 491, 361 N.W.2d 734 (Ct. App. 1984) (citing State ex rel. Bilder v. Twp. of Delavan, 112 Wis. 2d 539, 554-56, 334 N.W.2d 252 (1983)).

[13] The dissent's proposed procedure could provide further guidance to parties and lower courts. The dissent's proposed procedure, however, originates from legislation that is currently before the Wisconsin Legislative Reference Bureau. The proposed procedure is not otherwise grounded on any current statute. The legislature has provided rules and procedures that are applicable to the dissemination of PSIs in Wis. Stat. § 972.15, and it is within the province of the legislature to determine if procedural change is appropriate. Apparently that opportunity may occur in the near future. The majority declines to usurp the role of the legislature by appearing to enact legislation through a court opinion.

IV. CONCLUSION

¶44  We conclude that the SPD has not met the requirements for issuance of a supervisory writ.  However, pursuant to our superintending and administrative authority, we conclude that in a merit appeal, parties who are entitled "to have and keep a copy" of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief. Parties may reference information from the PSI that does not reveal confidential information and that is relevant to the appeal.  We urge counsel to be abundantly cautious when deciding whether it is necessary to cite sensitive information and when choosing how to cite such content.

*By  the  Court.*—Rights  declared;  relief  granted,  case proceeds accordingly at the court of appeals.

27

¶45  ANN WALSH BRADLEY, J.  *(dissenting).*  I agree with the majority that the requirements for a supervisory writ are not met.  I also agree with the majority that it is appropriate to employ our superintending and administrative powers here.

¶46  I part ways with the majority, however, because I conclude that we should employ those powers in a manner that establishes a simple rule that provides guidance to courts, parties, and counsel and that protects from harm those who provide information in the presentence investigation report (PSI).  Because the majority's approach appears at odds with the words of the statute and provides neither adequate guidance nor protection, I respectfully dissent.

I

¶47  Having determined that it will not grant a supervisory writ but will instead exercise the court's superintending and administrative powers, the majority turns to interpreting Wis. Stat. § 972.15.  It correctly notes that a defendant has a due process right to be sentenced upon accurate information, a right to disclosure of all information in the PSI, and a right to challenge any statement in the PSI that the defendant believes to be inaccurate or incomplete.  Majority op., ¶20.

1

¶48 The majority concludes that parties[1] are not required to get permission from any court before referencing a PSI in an appellate brief. It opines that there is "no quantifiable benefit" if parties are required to request permission of the circuit court to reference a PSI. Id., ¶¶25, 28. It likewise eschews any benefit from requiring the parties to obtain permission from the court of appeals: "requiring court approval provides little, if any, guarantees that information will be treated any differently than if no motion were required." Id., ¶35.

¶49 Instead of requiring permission, the majority directs that parties may "reference information from the PSI that does not reveal confidential information and that is relevant to the appeal." Id., ¶36. It provides examples of what it calls "confidential information," listing medical information, information from child welfare and termination of parental rights proceedings, and information from juvenile delinquency proceedings. Id., ¶39.

¶50 Under the majority's interpretation, nothing more is required than what is already mandated by those other statutory provisions that govern "confidential information." Id., ¶36.

---

[1] The term "parties" in the majority's analysis appears to refer to defense counsel and counsel for the State. See majority op., ¶20. However, it is the State and the defendant that normally are considered to be the parties in a criminal action—not defense counsel and counsel for the State. The appearance that the majority means counsel when it uses the term "parties" arises from its reference to "have and keep." Wisconsin Stat. § 972.15(4m) allows the district attorney and the defendant's attorney to have and keep a copy of the PSI. A defendant is allowed only to view the PSI but not keep a copy.

2

In the event that there is uncertainty as to whether the information complies with those confidentiality statutes, it merely suggests that counsel "ask the court of appeals for guidance."  Id., ¶43.   It additionally suggests that counsel should consider "fil[ing] the brief under seal" until the court of appeals can decide if the information fits its definition of "confidential information."  Id.  Finally, the majority leaves the decision of whether to disclose "sensitive" information in a PSI to the "prudent" and "sound discretion" of counsel.  Id., ¶¶39, 43.

II

¶51 Our job is to interpret and apply the statutes as they are written by the legislature.  We should not replace a clear legislative mandate with our own version of the statute.

¶52  The text of Wis. Stat. § 972.15(4) (2009-10)[2] states that "after sentencing the presentence investigation report shall be confidential."  Instead of following a clear legislative mandate, the majority turns the statutory language on its head and treats a PSI not as a confidential document but as a non-confidential document that may contain certain pieces of otherwise confidential information.  See majority op., ¶¶19, 29, 36, 39, 40, 43.

¶53 The majority's contradictory interpretation of Wis. Stat. § 972.15(4) appears to conflict with this court's prior application of the statute.  In State v. Comstock, 168 Wis. 2d

---

[2] All subsequent statutory references are to the 2009-10 version of the Wisconsin Statutes, unless otherwise indicated.

3

915, 485 N.W.2d 354 (1992), the majority of this court chided a dissenting opinion for inappropriately citing certain facts from a PSI. The court quoted Wis. Stat. § 972.15(4) and its statement that a PSI is confidential. Id. at 923-25. Nowhere in the Comstock court's discussion of a PSI did it imply that the PSI as a whole is not a confidential document.[3]

¶54 Furthermore, the majority provides inadequate guidance to courts, parties, and counsel. Although the majority provides a limited list of information made confidential by other statutes, it provides no guidance regarding the volumes of other information that may be included in a PSI.

¶55 Additionally, the majority's analysis appears narrowly tailored to apply only to parties who are represented by counsel, although the statute covers non-represented defendants. The holding framed by the majority provides that "parties who are entitled 'to have and keep' a copy of a PSI pursuant to Wis. Stat. § 972.15(4m) need not ask any court's permission to reference a PSI in an appellate brief." Majority op., ¶3.

---

[3] This court has treated an entire PSI as confidential on other occasions. In addition to Comstock, the court discussed the meaning of the term "confidential" as it is used in Wis. Stat. § 972.15(4) in State v. Parent, 2006 WI 132, ¶26, 298 Wis. 2d 63, 725 N.W.2d 915. In that case, the court determined that the defendant must keep "the information in the report"——not some information in the report——confidential in the context of a no merit appeal. Id., ¶50. Similarly, this court addressed whether the confidentiality requirement in Wis. Stat. § 972.15(4) is extended to sentencing memoranda in State v. Greve, 2004 WI 69, 272 Wis. 2d 444, 681 N.W.2d 479. The court in Greve also appears to have treated the entire PSI as confidential. Id., ¶17.

4

Wisconsin Stat. § 972.15(4m) allows counsel to "have and keep a copy" of the PSI.

¶56 Defendants, however, may not "have and keep" a copy of the PSI. They may only "view" it. Wis. Stat. § 972.15(4m); State v. Parent, 2006 WI 132, ¶50, 298 Wis. 2d 63, 725 N.W.2d 915. Given the majority's narrowly-framed holding, it is unclear what a pro se defendant is to do on appeal. Is a pro se defendant likewise supposed to know what confidential information may or may not be used in an appellate brief? Is the decision of whether to use sensitive information in the brief left to the "prudent" and "sound discretion" of the pro se defendant?

¶57 Because the majority fails to set forth any standards for determining what "sensitive" information should be permissible to use in an appellate brief, counsel (and perhaps pro se defendants) have no principled manner in which they may evaluate whether information in a PSI should be used other than their "prudent" and "sound discretion." What happens if their "prudent" and "sound discretion" is overshadowed by their zealous advocacy? What are the consequences for the parties or counsel?

¶58 The majority's inadequate guidance on these questions may produce negative consequences for those who have provided information in the PSI and provide inadequate protection from harm. A PSI commonly includes information that would not fall within the majority's list of "confidential" information. For example, the victim's statement often reveals intimate details

of the social, economic, physical, and psychological effects of the crime. Furthermore, the family information contained in a PSI could set forth what would otherwise be considered private family matters, detailing the lives of individuals whose sole involvement with the crime is that they are related to the offender.

¶59 Such information does not appear to be protected from disclosure under the majority's approach. Majority op., ¶39. Individuals may be held up to ridicule as a result of inappropriate use of information in a PSI. Additionally, the disclosure of such information may put an individual's life or health in danger, creating safety issues.

¶60 At first blush it may appear that relevancy provides a meaningful limitation, but the broad definition of relevancy provides inadequate protection. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Wis. Stat. § 904.01; State v. Payano, 2009 WI 86, ¶68, 320 Wis. 2d 348, 768 N.W.2d 832.[4] The relevancy requirement offers no real safeguard for the information contained in a PSI that does not fall within the majority's list of "confidential" information.

---

[4] The majority characterizes its relevancy test as a "narrower" inquiry than that which is set forth in Wis. Stat. § 904.01 because the issues in a case are often narrowed on appeal. Majority op., ¶42. Nevertheless, its standard for relevancy appears to be the same standard as the one defined in the relevancy statute, Wis. Stat. § 904.01.

6

¶61 The majority's inadequate guidance and protection leads to a nebulous procedure.  This court should establish a simple procedure that clearly provides guidance and that adequately protects those who provide information in a PSI.

### III

¶62 Instead of the majority's approach to statutory construction, I would interpret the statute to establish a simple procedure that provides clear guidance to courts, parties, and counsel and protects from harm those who provide information in the PSI.

**1. The entire PSI is confidential by statute.**

¶63 As I see it, the entire PSI is confidential by statute.  Wisconsin Stat. § 972.15(4) provides that "after sentencing the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court."  It does not limit confidentiality of the PSI to items that fit under matters that are confidential as defined by other statutes.

¶64 Although this court has not previously defined "confidential" as it is used in the PSI statute, it has set forth general guidelines for what the term "confidential" means when it is used in a statute.  See, e.g., Sands v. Whitnall School Dist., 2008 WI 89, ¶32, 312 Wis. 2d 1, 754 N.W.2d 439. Confidential data is data that is "meant to be kept secret." Id., ¶32 (quoting Custodian of Records for LTSB v. State, 2004 WI 65, ¶15, 272 Wis. 2d 208, 680 N.W.2d 792).

7

¶65 The term "confidential" generally contemplates that confidential documents will be limited in the scope of their disclosure. See Custodian of Records for LTSB, 272 Wis. 2d 208, ¶15.   Similarly, because the statutory language provides that the PSI is confidential, the disclosure of its contents must be carefully circumscribed.

**2. To the extent that information in the PSI has already been made public in the circuit court at a sentencing or post sentencing hearing, the information in a transcript from that hearing may be used in an appellate brief.**

¶66 Although the entire PSI is confidential, the confidentiality requirement set forth in Wis. Stat. § 972.15(4) must sometimes yield to the defendant's due process rights.[5]  One circumstance where the confidentiality requirement must yield is when the PSI has already been made public in the circuit court.

¶67 Any information in a PSI that is made public by the circuit court at a sentencing or post sentencing hearing is already public information and may be used in an appellate brief.  For example, a circuit court may refer to information in a PSI when it is explaining on the record how the sentence's component parts promote the sentencing objectives.  State v. Gallion, 2004 WI 42, ¶¶47, 50, 270 Wis. 2d 535, 678 N.W.2d 197.

---

[5] A defendant's due process rights include a right to be sentenced upon accurate information, a right to disclosure of the information in the PSI, and a right to challenge any statement in the PSI that the defendant believes to be inaccurate or incomplete.   Majority op., ¶20 (citations omitted).

The transcript from the hearing containing statements referencing the PSI may be used in an appellate brief.[6]

---

[6] This is consistent with part of a proposal from the Wisconsin Judicial Council that would change the way PSIs are prepared, used, distributed, and kept as records. The Wisconsin Judicial Council's principal statutory responsibilities are to study and make recommendations relating to the pleading, practices, procedures, organization, jurisdiction, and methods of administration of Wisconsin courts. Wis. Stat. § 758.13.

The Wisconsin Judicial Council is a 21-member body representing a broad cross-section of interests. A member of the Wisconsin Supreme Court sits on the Wisconsin Judicial Council. Currently serving on the Judicial Council is Justice Patience Roggensack. Other members of the Judicial Council include a court of appeals judge, four circuit court judges, one district attorney, three members of the state bar, two citizen members, and all of the following individuals or their designees: the Director of State Courts, the chairs of the Senate and Assembly standing committees with jurisdiction over judicial affairs, the Attorney General, the chief of the Legislative Reference Bureau, the deans of the law schools of the University of Wisconsin and Marquette University, the State Public Defender, and the president-elect of the state bar. Id.; Wisconsin Judicial Council, http://www.wicourts.gov/courts/committees/judicialcouncil/index.htm (last visited Apr. 1, 2013).

In accordance with its statutory duties, the Judicial Council widely distributed for analysis its proposal that would change the procedures relating to PSIs. See Minutes of the Meeting of the Wisconsin Judicial Council (Jan. 18, 2013), available at http://www.wicourts.gov/courts/committees/judicialcouncil/docs/minutes0113.pdf (last visited Apr. 1, 2013) (discussing the circulation of a PSI proposal for fiscal estimates and approving a request to release copies of fiscal estimates before introduction of a PSI bill). Among the entities solicited for comment was the Legislative Committee of the Wisconsin Judicial Conference, chaired by Chief Justice Shirley Abrahamson. The proposal was distributed by Chief Justice Abrahamson to this court.

¶68  However, because the PSI is confidential, Wis. Stat. § 809.81(8) requires that parties and counsel shall refer to individuals named in the PSI "only by their first name and the first initial of their last name."  Even where a party or counsel may use information in a PSI, the statute mandates that the party or counsel refer to only the first name and first initial of the last name of the individuals named in the PSI.

### 3. Court permission must be obtained for any information not previously made public at the circuit court.

¶69  Sometimes a party or counsel may determine that it is necessary to use information in a PSI that is not a part of the public record.  Under those circumstances, the party or counsel should be required to get court permission before using the information.

### 4. As a practical matter, the location of the record should dictate which court to ask.

¶70  In determining which court to move for permission to use information in a PSI, parties and counsel should be guided by the practical reality of where the record is located.  When the record is at the circuit court prior to the initiation of an appeal, the party or counsel should request permission to use information in the PSI from the circuit court.  Conversely, when the appeal is initiated and the record is already with the court

---

All meetings of the Wisconsin Judicial Council and its committees are open to the public.  Wisconsin Judicial Council, http://www.wicourts.gov/courts/committees/judicialcouncil/docs/agenda0213.pdf (last visited Apr. 1, 2013).

10

of appeals, parties or counsel should request permission to use information in the PSI from the court of appeals.

¶71 In determining whether to grant permission to use information in a PSI under the statute, courts must be constantly mindful of the due process rights of the defendant. (See, e.g., a defendant has a due process right to be sentenced upon accurate information. State v. Tiepelman, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1.) Courts should also consider the nature of the information that would be exposed to public scrutiny. Some information in a PSI is separately made confidential by other statutes and those statutes may require special procedures.[7] Courts must employ those additional procedures before authorizing the citation of information that is made confidential by other statutes.

¶72 Additionally, courts should be wary about authorizing the citation of information that will hold an individual up to ridicule, endanger the safety of persons named in the PSI, or is not needed to advance the claims raised on appeal. Individuals who provide information in the PSI should be provided adequate protection from harm.

¶73 The above interpretation of the statute is a simple procedure that (1) provides guidance to courts, parties, and counsel; (2) protects those who provide information in a PSI;

---

[7] See, e.g., Wis. Stat. §§ 146.82 (governing patient health care records), 48.78 (governing agency child welfare records), 48.396 (governing law enforcement officers' records of children), 938.78 (governing agency records of individuals in the care or legal custody of the agency).

11

and (3) is consistent with the statutory directive of confidentiality. Unfortunately, the majority fails in all three respects. Accordingly, I respectfully dissent.

¶74  I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON and JUSTICE DAVID T. PROSSER, JR. join this dissent.